495 F.2d 1000
 161 U.S.App.D.C. 420, Fed. Sec. L. Rep. P 94,453
 INVESTORS FUNDING CORPORATION OF NEW YORK, and I.F.C.
Collateral Corporation, Petitioners,
v.
Honorable William B. JONES, United States District Judge for
the District of Columbia, Respondent.
 No. 73-1791.
 United States Court of Appeals, District of Columbia Circuit.
 March 26, 1974, Reconsideration Denied May 3, 1974.
 
 Allen I. Mendelsohn, Washington, D.C., for petitioners.
 Mark Q. Connelly, Washington, D.C., for respondent.
 Before FAHY, Senior Circuit, Judge, and LEVENTHAL, Circuit judge.
 PER CURIAM:
 
 
 1
 On May 1, 1973, the Securities nad Exchange Commission brought an action in our District Court pursuant to 15 U.S.C. 78u(e) and (f) (1970)[1] for injunctive relief to compel defendants to comply with the filing requirements of sections 13(a)[2] and 15(d)[3] of the Securities Exchange Act of 1934 and regulations thereunder. The complaint alleged late filings by defendant Investors Funding Corporation ('Investors') of the required annual reports for 1971 and 1972 and of several quarterly reports over the same period. Defendant I.F.C. Collateral Corporation ('I.F.C.') allegedly failed also to make timely filing of its 1972 annual report and of various quarterly reports during 1971. The complaint prayed for an appropriate court order directing the defendants to make filings as required by law.
 
 
 2
 Defendants moved to dismiss the complaint for lack of venue, or to transfer the case to the Southern District of New York pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. 1406(a).[4] Alternatively, the defendants urged the court to transfer the action to the Southern District of New York for the convenience of the parties and witnesses, in the interest of justice, pursuant to 28 U.S.C. 1404(a).[5] On July 3, 1973, the trial court entered an order denying defendants' motion for dismissal or transfer, it appearing to the court 'that venue lies in the District of Columbia.' Defendants promptly filed the instant petition for writ of mandamus.
 
 
 3
 The Securities Exchange Act of 1934 contains a specialized provision governing venue, 15 U.S.C. 78aa, which reads in relevant part:
 
 
 4
 Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business . . .
 
 
 5
 Thus, by the terms of this section a civil suit may be brought not only in any district where the defendant is found, or is an inhabitant or transacts business, none of which apply here,[6] but also in that district in which a criminal proceeding, based upon the same illegal conduct, could be brought. The allegations of the complaint of tardy filings of reports required by the Act arguably form the basis of venue in this district. The first issue before this court, then, is whether venue for failure timely to file a report is in the district where the report was due, or is in the district where antecedent actions, such as the preparation of the report, occurred.
 
 
 6
 As a general matter, the Supreme Court has supplied the answer in United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916). In that case, dealing with the criminal failure to file with the Commissioner General of Immigration the names of aliens employed as prostitutes, venue and jurisdiction were held to lie in the District of Columbia, where the office of the Commissioner General was located and where the filing was required to be made. In upholding the trial court's decision that there was no jurisdiction over the subject matter in the district where the filing should have been prepared and mailed, the Court quoted with approval the district court's opinion, in part as follows:
 
 
 7
 'Filing, it must be observed, is not complete until the document is delivered and received. 'Shall file' means to deliver to the office and not send through the United States mails . . .. A paper is filed when it is delivered to the proper official and by him received and filed . . .. Anything short of delivery would leave the filing a disputable fact, and that would not be consistent with the spirit of the act.'
 
 
 8
 241 U.S. at 76-77, 36 S.Ct. at 509. It follows from this reasoning that late filing, as much as a failure to file, occurs within the district where the report is finally delivered to the designated agency or official.
 
 
 9
 The Supreme Court has applied the Lombardo principle to reports filed under the Trading with the Enemy Act of 1917,[7] which required any person in the United States having custody or control of any property or of on behalf of an enemy of the United States to report this fact to the Alien Property Custodian within a prescribed period. Thus, in Rumely v. McCarthy, 250 U.S. 283, 39 S.Ct. 483, 63 L.Ed. 983 (1919), the Court held:
 
 
 10
 The (United States) commissioner . . . found as a matter of fact that the Custodian's office was in the District of Columbia, and as the finding was supported by competent evidence the District Court properly held that it was not reviewable on writ of habeas corpus. That being so, the duty imposed by the statute to make report to the Alien Property Custodian involved the duty to make such report in the District of Columbia, and failure to make it was an offense against the United States committed in that District.
 
 
 11
 250 U.S. at 289, 39 S.Ct. at 486.
 
 
 12
 More recently the Supreme Court followed the reasoning of Lombardo in Travis v. United States, 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961), where a Colorado labor union official was indicted in Colorado for making and filing false affidavits denying affiliation with the Communist party. Such affidavits were required under a provision of the Taft-Hartley Act which prohibited investigations by the National Labor Relations Board of alleged Communist activity in labor unions 'unless there is on file with the Board' an affidavit of each union officer stating that he was not a member of the Communist party. The forms prescribed by the Board for such affidavits required filing in the District of Columbia. The Government argued that the offense of filing false affidavits 'began' in Colorado, because it was there that the officer had prepared and mailed the allegedly false affidavit. The Court rejected such an interpretation, stating:
 
 
 13
 Venue should not be made to depend on the chance use of the mails, when Congress has so carefully indicated the locus of the crime. After mailing, the affidavit might have been lost; petitioner himself might have recalled it . . .. When a place is explicitly designated where a paper must be filed, a prosecution for failure to file lies only at that place . . ..
 
 
 14
 364 U.S. at 636, 81 S.Ct. at 362.
 
 
 15
 Under section 78aa of the Securities Exchange Act, the civil action for enforcement which relies on violations by tardy filings as the basis for a court injunction against further late filings, may be brought in any district where a criminal prosecution for late filings could be brought. On the basis of the Lombardo line of decisions we think that venue for such prosecution would lie in the District of Columbia, the locus for the act of late filing. We accordingly hold that venue for civil enforcement actions of the Commission, involving reports required to be filed in the District of Columbia, is here.
 
 
 16
 Petitioners also urge that the writ should issue to transfer the case to the Southern District of New York pursuant to 28 U.S.C. 1404(a),[8] under which a case may be transferred for the 'convenience of parties and witnesses, in the interest of justice.' We have held that appellate review of an order granting or denying a motion for transfer may be had 'in the light of the criteria customarily associated with mandamus and similar remedies.' Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F.2d 873, 874, (1951). And see Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955); Altman v. Central of Georgia Ry. Co., 363 F.2d 284 (D.C.Cir.), cert. denied, 385 U.S. 920, 87 S.Ct. 231, 17 L.Ed.2d 144 (1966); Fine v. McGuire, 139 U.S.App.D.C. 341, 433 F.2d 499, 501 (D.C.Cir. 1970).
 
 
 17
 Though we have not granted the writ, our denial of the petition therefor is without prejudice to reconsideration by the District Court of the discretion available to it under 28 U.S.C. 1404(a), to which reconsideration petitioner is entitled if feasible in the present posture of the proceedings in the District Court. This we emphasize especially in light of the omission in the court's order of July 3, 1973, to explain its reasons for not transferring the case in the court's discretion, other than to note the existence of venue in this jurisdiction, although the order of the court disposed as well of the alternative motion under section 1404(a).
 
 
 18
 The petition is denied.
 
 
 
 [1]
 15 U.S.C. 78u(e) and (f) provide:
 (e) Whenever it shall appear to the Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this chapter, or of any rule or regulation thereunder, it may in its discretion bring an action in the proper district court of the United States or the United States court of any Territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond. The Commission may transmit such evidence as may be available concerning such acts or practices to the Attorney General, who may, in his discretion, institute the necessary criminal proceedings under this chapter.
 (f) Upon application of the Commission the district courts of the United States, and the United States Courts of any Territory or other place subject to the jurisdiction of the United States, shall also have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this chapter or any order of the Commission made in pursuance thereof or with any undertaking contained in a registration statement as provided in subsection (d) of section 78o of this title.
 
 
 [2]
 Section 13(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78m(a) (1970) provides:
 (a) Every issuer of a security registered pursuant to section 78l of this title shall file which the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security--
 (1) such information and documents (and such copies thereof) as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to section 78l of this title, except that the Commission may not require the filing of any material contract wholly executed before July 1, 1962.
 (2) such annual reports (and such copies thereof), certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports (and such copies thereof), as the Commission may prescribe. Every issuer of a security registered on a national securities exchange shall also file a duplicate original of such information, documents, and reports with the exchange.
 
 
 [3]
 Section 15(d) of the Securtieis Exchange
 
 
 [3]
 Section 15(d) of the Securities Exchange Act of 1934, 15 U.S.C. 78o(d) (1970) provides: statement containing an undertaking which is or becomes operative under this subsection as in effect prior to August 20, 1964, and each issuer which shall after such date file a registration statement which has become effective pursuant to the Securities Act of 1933, as amended, shall file with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, such supplementary and periodic information, documents, and reports as may be required pursuant to section 78m of this title in respect of a security registered pursuant to section 78l of this title. The duty to file under this subsection shall be automatically suspended if and so long as any issue of securities of such issuer is registered pursuant to section 78l of this title. The duty to file under this subsection shall also be automatically suspended as to any fiscal year, other than the fiscal year within which such registration statement became effective, if, at the beginning of such fiscal year, the securities of each class to which the registration statement relates are held of record by less than three hundred persons. For the purposes of this subsection, the term 'class' shall be construed to include all securities of an issuer which are of substantially similar character and the holders of which enjoy substantially similar rights and privileges. Nothing in this subsection shall apply to securities issued by a foreign government or political subdivision thereof
 
 
 [4]
 28 U.S.C. 1406(a) provides:
 (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the inteerst of justice, transfer such case to any district or division in which it could have been brought.
 
 
 [5]
 28 U.S.C. 1404(a) provides:
 (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
 
 
 [6]
 Petitioners are both New York corporations. Investors has its principal offices at 630 Fifth Avenue, New York City. I.F.C., a wholly owned subsidiary of Investors, has its principal offices at the same address
 There is some representation by the Commission that the presence of an enterprise within the District of Columbia, District-Realty Title Insurance Corporation, of which Investors owns all of the issued and outstanding stock is a basis for venue under the provision for transacting business. However, that representation does not appear in the record below nor does it appear to be relevant to the present case.
 
 
 [7]
 Act of October 6, 1917, ch. 106, 40 Stat. 411
 
 
 [8]
 The threshold question under section 1404(a) is whether the suit 'might have been brought' in the district to which the movant seeks to have it transferred. Since both petitioners are New York corporations and transact business there venue lies in the Southern District of New York as well as the District of Columbia. See 15 U.S.C. 78aa, supra