**Ramon D. PRATT, Plaintiff-Appellee,**

v.

**FIRST CALIFORNIA COMPANY, INCORPORATED, et al., Defendants-Appellants.**

No. 74–1441.

United States Court of Appeals, Tenth Circuit.

Argued March 25, 1975.

Decided May 16, 1975.

---

Richard J. Leedy, Salt Lake City, Utah, for plaintiff-appellee.

Ricardo B. Ferrari, Salt Lake City, Utah (Rand L. Cook, Salt Lake City, Utah, on the brief), for defendants-appellants.

Before LEWIS, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this action under the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., the trial court held that venue lay in the District of Utah. We allowed an interlocutory appeal under 28 U.S.C. § 1292(b) and reverse.

Plaintiff-appellee Pratt met defendant-appellant Congleton in California and discussed with him the sale of stock in a company known as Newport. Congleton represented that he could dispose of the stock through defendant-appellant California Investors, a brokerage firm later taken over by defendant-appellant First California Company, another brokerage firm. Plaintiff returned to Utah and mailed to California Investors 9,998 shares of Newport stock. The stock was not sold. Plaintiff claims wrongful "detention" of the stock in violation of the Act and to his damage.

Defendants attacked the venue of the Utah court. After considerable skirmishing the court held that defendants' business activities in Utah "were not of a substantial character and did not constitute a substantial part of the defendants' ordinary business." This holding is not before us. The court upheld Utah venue on the ground that the mailing by plaintiff in Utah of the stock certificates sufficed to sustain Utah venue. This is the only issue on the interlocutory appeal.

Section 27 of the Act, 15 U.S.C. § 78aa, provides:

"Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter * * * may be brought in any such district * * *."

The question is whether the mailing in Utah by plaintiff of the stock certificate to defendants is an "act or transaction" violating the Act. Our attention is called to no cases under the federal securities acts which cover our specific issue. In Texas Gulf Sulphur Company v. Ritter, 10 Cir., 371 F.2d 145, fraudulent representations were transmitted to the forum district by mail. In Stevens v. Vowell, 10 Cir., 343 F.2d 374, pertinent acts and transactions occurred in the forum district. Hooper v. Mountain States Securities Corporation, 5 Cir., 282 F.2d 195, was a case where an important step in the consummation of the scheme was a telephone call from Texas to Alabama, the forum state. In International Controls Corp. v. Vesco, 2 Cir., 490 F.2d 1334, cert. denied, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236, the mailing was by one of the corporate defendants.

Some criminal cases under other statutes consider whether mailing suffices to fix venue. In Burton v. United States, 196 U.S. 283, 304, 25 S.Ct. 243, 49 L.Ed. 482; United States v. Lombardo, 241 U.S. 73, 75–77, 36 S.Ct. 508, 60 L.Ed. 897, and Travis v. United States, 364 U.S. 631, 636, 81 S.Ct. 358, 5 L.Ed.2d 340, the Court held that venue lay in the forum of receipt or filing rather than in the forum of mailing. Mail fraud cases such as Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435, and Marvin v. United States, 10 Cir., 279 F.2d 451, are not in point because the applicable statute applies to one who "knowingly causes" something to be sent by mail.

Investors Funding Corporation v. Jones, D.C.Cir., 495 F.2d 1000, involved a civil suit under the Securities Exchange Act. The question was whether under § 27 venue lay in the district where a report had to be filed or in the district

where the report was prepared. In consideration of Lombardo and Travis, the court held that venue lay in the district where the report had to be filed. 495 F.2d at 1003.

 Plaintiff is not helped by 18 U.S.C. § 3237(a) which provides in its second paragraph that any offense involving the use of the mails may be prosecuted "in any district from, through, or into which such * * * mail matter moves." That paragraph was added in the 1948 revision of Title 18, U.S.C., 62 Stat. 826, and was intended to meet the situation created by United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236, which turned on the absence of a special venue provision in the Dentures Act, 18 U.S.C. § 1821. See H.R.Rep.No.304, 80th Cong. 1st Sess. A change in the venue provisions of the Criminal Code does not affect the special provisions of an earlier act pertaining to civil venue. The general rule is that a later statute may not be used as an aid in the interpretation of an earlier statute. Saunders v. Commission of Internal Revenue, 3 Cir., 215 F.2d 768, 775. Furthermore, § 27 is a specific venue statute whereas § 3237 has a more general application. In Travis v. United States, 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340, a criminal case, the Court declined to find venue under § 3237 where there were explicit venue provisions in an earlier statute. See 364 U.S. at 637, 81 S.Ct. 358.

Plaintiff claims violation of the Act by the misrepresentations of Congleton and the detention of the stock without sale. The statements were made in California and the stock was detained there. Plaintiff argues that the statements of Congleton caused the stock to be mailed in Utah and, hence, there was an act or transaction in Utah. This expands § 27 to include causation. Cf. the mail fraud statute, 18 U.S.C. § 1341, which uses the phrase "knowingly causes."

Congleton may have induced plaintiff to mail the certificates but the mailing was the unilateral act of plaintiff. He was not the agent of any defendant. He was not an aider or abettor in the scheme to defraud himself. If plaintiff is correct, he could have established venue in any state of the Union by mailing the certificates therein. We know of nothing which suggests that Congress, by the enactment of § 27, intended to give a plaintiff such a wide choice of venue.

Travis says, 364 U.S. at 636, 81 S.Ct. at 361:

"Venue should not be made to depend on the chance use of the mails, when Congress has so carefully indicated the *locus* of the crime."

In the instant case we have a chance use of the mails. No act or transaction of any defendant occurred in Utah.

Reversed for further proceedings in the light of this opinion.