Hoyt E. **HENDERSON** et al., Plaintiffs,

v.

Allen V. **CROOM** et al., Defendants.

Civ. A. No. 74–G–53–J.

United States District Court,
N. D. Alabama,
Jasper Division.

Aug. 28, 1975.

Thomas E. Skinner, George D. H. McMillan, Jr., and Benjamin B. Spratling, III, Birmingham, Ala., for plaintiffs.

Black & Crotty, Edgar M. Dunn, Jr., Daytona Beach, Fla., John H. Wilbur and D. D. Allen, Milam, Martin & Ade, Jacksonville, Fla., Warren B. Lightfoot, Bradley, Arant, Rose & White, Birmingham, Ala., for Sun Bank of Daytona Beach.

A. Berkowitz and Michael L. Edwards, Berkowitz, Lefkovits & Patrick, Birmingham, Ala., Joseph L. Hutner, Singer & Pincus, New York City, for Rodano and Stroud, and for Petrol Industries, Inc.

Lang & Suttle, Woodland Hills, Cal., Ollie L. Blan, Jr., Spain, Gillon, Riley, Tate & Ansley, Birmingham, Ala., for Charles Cannon and for Coastal Mechanical, Inc.

W. Michael Atchison and Steve A. Baccus, McDaniel, Hall, Parsons & Conerly, Birmingham, Ala., James E. Moore, Moore, Moore, Downing & Layden, Mobile, Ala., for Allen V. Croom and for Sovereign Industries.

George R. Stuart, III, Hardin, Stuart & Moncus, Birmingham, Ala., Graham & Markel, P.A., Orlando, Fla., R. Edward Cooley, Graham & Markel, P.A., Winter Park, Fla., for Sentry Indemnity Co.

## MEMORANDUM OPINION

GUIN, District Judge.

The court has before it various motions requesting dissolution of the judgments entered in this case. The court has been bombarded with motions, amendments, materials supporting the motions, and supplemental materials supporting amended motions. It has patiently listened to several hours of post-trial arguments by counsel representing various parties. There have been allegations of perjury and collusion. However, nothing presented to this court has demanded repudiation of any portion of the jury verdict.

■ Many issues raised by the motions require no comment. The court has considered each issue raised and has found nothing which it believes would

change the outcome of this litigation if tried again. The defendants Rodano, Stroud and Petrol, have challenged this court's jurisdiction of this case and requested a judgment notwithstanding the verdict partly on that ground. Defendants' reliance upon *Pratt v. First California Co., et al.,* 517 F.2d 11 (10th Cir. 1975) is ill founded, since this case is clearly distinguishable. It was Cannon's actions in Alabama which rested jurisdiction here. The jury found that Rodano and Petrol were the direct cause of Cannon's acts. A direct cause with a foreseeable result is a proximate cause. The jury found Rodano and Petrol the proximate cause of events which occurred in this district and which constituted an essential part of a conspiracy in violation of 10–b(5) and the common law; namely, the very execution by an essential party thereto of the very contract of purchase of stock in Coastal United which was the very foundation of the conspiracy and without which no conspiracy to defraud could have existed or been successful. Rodano sent Cannon to get the signature of Henderson, knowing Henderson lived in this district, and, therefore, clearly should have foreseen that execution would take place by Henderson where he lived and logically could be found by Cannon—in this district.

■ The movants charge that certain parties and witnesses lied at the trial of this cause. While movants characterize certain post-trial statements as admissions of perjury, this court cannot agree. Each charged party has responded, and the court is convinced no perjury occurred. Both Mr. Henderson and Mr. Croom appear to this court (as apparently they did to the jury) to be honest men. The court has studied the conversation between Mr. Croom and Mr. Rodano, recorded by means of hidden tape recorder, and finds no contradiction in Mr. Croom's statements. The alleged contradictions refer to responses by Mr. Croom to multifarious questions, which he responded to in part. Mr. Croom impresses this court as completely honest. He has been very sick and shows it. It is Mr. Croom's manner to ramble somewhat when responding to a question, but if his responses are applied to the last part of each of Mr. Rodano's questions or statements in each instance, no inconsistency appears. This court is bound to reconcile the evidence, and viewing the recorded conversation in the proper perspective does reconcile the evidence as showing no admission of perjury by Croom.

■ Other evidence was offered in an attempt to impeach Mr. Croom. The court does not view this evidence, nor the evidence directed at the Sentry verdict, as newly discovered evidence within the meaning of the rules. Opportunities for discovery of these matters existed prior to trial. At best this evidence is merely cumulative in nature.

The jury that decided this case, assisted by wise and able counsel for all parties, sorted through the issues and evidence presented. After thoughtful deliberation they arrived at their conclusions of the truth of this matter. This court finds no reason to violate the sanctity of the jury's product. The court heard on post-trial motions many of the same witnesses the jury heard. The court credits the testimony of the same witnesses credited by the jury and discredits those the jury chose not to believe on the trial. The only new witness not heard at the trial was Mrs. Dempsey. Her account is not discredited but has been adequately explained by Henderson's testimony, which the court credits.

For these reasons all pending motions will be denied.