SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

Donald WALLACE, The Investment
Group, Linda Schroeder, John McNul-
ty, Berach International, Ltd., and
Gary Tedford, Defendants.

No. Civ. 99–0120(RWR).

United States District Court,
District of Columbia.

Feb. 23, 2000.

Larry P. Ellsworth, Securities and Ex-
change Commission, Washington, D.C.,
John Sullivan, John Henry Schlie, P.C.,
Denver, CO, for plaintiff.

Donald C. Wallace, Little Rock, AR,
Janet K. DeCosta, Washington, D.C., for
defendant.

## MEMORANDUM OPINION

ROBERTS, District Judge.

The Securities and Exchange Commis-
sion ("SEC") sued several individuals and
entities for allegedly engaging in a fraudu-
lent scheme to sell unregistered securities,
and failing to register as investment advis-
ers. Defendant Tedford has moved under
28 U.S.C. § 1406 (1994) to dismiss claims
against him or to transfer this case alleg-
ing that venue is improper in this district.
Because the special venue provisions of the
applicable securities statutes make venue
proper in this district, I deny the motion.

The first and second claims of the com-
plaint allege that Tedford and the remain-
ing defendants engaged in fraudulent mis-
representations and fraudulent securities
transactions in violation of § 10(b) of the
Securities Exchange Act, 15 U.S.C.
§ 78j(b) (1994), and § 17(a) of the Securi-
ties Act, 15 U.S.C. § 77q(a) (1994). The
third claim alleges that defendant Wallace
violated § 203(a) of the Advisers Act by
acting as an investment advisor and by not
registering with the SEC in Washington,
D.C. as required. 15 U.S.C. § 80b–3(a)
(1994). As such, the complaint alleges an
act and an omission, or failure to act, as
violations.

Venue for the Advisers Act violation is governed by Section 214 of that Act. It places venue for suits or actions to enforce a liability or duty created by § 203(a), or to enjoin any violation of § 203(a), in any district where the act or transaction constituting the violation occurred, among other districts. 15 U.S.C. § 80b–14 (1994).

In an action alleging a failure to make a required filing with the SEC, venue lies in the District of Columbia. *See Investors Funding Corp. of New York v. Jones,* 495 F.2d 1000, 1003 (D.C.Cir.1974). *Jones* involved the failure to timely file corporate quarterly and annual reports under the Securities Exchange Act of 1934. "The place where a document is to be filed may be regarded as the place where any asserted non-filing or misfilings occurred." *SEC v. Savoy Indus. Inc.,* 587 F.2d 1149, 1154 (D.C.Cir.1978) (citations omitted) (involving three filings under the Securities Exchange Act). The special venue provision of the Securities Exchange Act of 1934 is identical in all material respects to the Advisers Act special venue language. *Compare* 15 U.S.C. § 78aa (1994) *with* 15 U.S.C. § 80b–14 (1994). I find, then, that venue for the Advisers Act claim against defendant Wallace of failing to register with the SEC is proper in this district.

Because venue is proper in the District of Columbia as to defendant Wallace, the question is whether venue is also proper as to defendant Tedford. I conclude that it is. In *SEC v. National Student Mktg. Corp.,* 360 F.Supp. 284 (D.D.C.1973), the SEC alleged that multiple defendants engaged in a securities fraud scheme involving a merger of the District of Columbia-based company and failure by its New York counsel to correct false financial representations about the company, in violation of the Securities Exchange Act of 1934. Judge Parker held that any material act committed by one defendant in the

District in furtherance of a multi-defendant fraudulent scheme satisfies venue under the Securities Exchange Act of 1934 as to all defendants whether or not the other defendants ever committed a violation in the District. *Id.* at 291–292.[1]

In this case, an investor allegedly was induced to invest $100,000 in non-existent prime bank securities. Defendant Wallace purportedly acted as the investment adviser and was responsible for arranging the trades using the money that defendant Tedford channeled to Wallace. If the complaint is correct, then Wallace's role was key, and his failure to register with the SEC in this district was of no small moment in minimizing scrutiny and maximizing the success of this fraud.

I conclude, then, that venue for this law suit is proper in this district and I deny defendant Tedford's motion.

---

1. Plaintiff also cites in support of its venue argument *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir.1985) and *SEC v. Diversified Indus.,* 465 F.Supp. 104, 111 (D.D.C.1979). Unlike the instant

case, those cases involve actual allegations of conspiracy. Those opinions nevertheless support a broad application of venue where a common scheme of acts or transactions to violate securities acts is alleged.