**Donald L. POLING, Plaintiff,**

v.

**Rhonda M. FARRAH, Defendant.**

**No. Civ.A. 99–3023 PLF.**

United States District Court,
District of Columbia.

Jan. 30, 2001.

Donald L. Poling, Washington, DC, for plaintiff.

Jay L. Cohen, Chevy Chase, MD, for defendant.

*MEMORANDUM OPINION
AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendant's motion to dismiss for lack of

personal jurisdiction and improper venue. Plaintiff opposes the motion, arguing that the Court does have personal jurisdiction over the defendant. The Court agrees with plaintiff and therefore denies defendant's motion.

## I. BACKGROUND

Plaintiff Donald Poling, a District of Columbia resident with his place of business in Maryland, seeks recovery from defendant Rhonda M. Farrah based on Ms. Farrah's alleged violations of the federal and District of Columbia securities laws, breach of contract, intentional and negligent misrepresentation, negligence, conversion and breach of fiduciary duty. At the time the events leading to these claims allegedly took place, Ms. Farrah was a resident of Connecticut. She currently resides in California. According to Mr. Poling, he entered into a joint venture agreement with Ms. Farrah on October 25, 1994, believing that she was a program manager trading in bank instruments. *See* Complaint, Attachment, Joint Venture Agreement. The next day, he wired $100,000 to defendant's bank account in Pittsburgh, Pennsylvania, with the understanding that Ms. Farrah would invest the money beginning in late November 1994. *See id.,* Attachment, Receipt of Wire Transfer. Despite their agreement and Mr. Poling's subsequent inquiries, Ms. Farrah did not invest his money as promised and his attempts to encourage her to do so were unsuccessful. Around August 1995, Mr. Poling was no longer able to contact or locate Ms. Farrah or his money. On November 15, 1999, he filed suit.

## II. DISCUSSION

### A. *Jurisdiction Under the Securities Exchange Act*

Counts I and II of the complaint are based on defendant's alleged violations of the Securities Exchange Act of 1934. Jurisdiction in such suits is based on Section 27 of the Act, 15 U.S.C. § 78aa, which provides for nationwide service of process. Section 27 provides in relevant part:

> Any suit or action to enforce any liability or duty created by this chapter or rules or regulations thereunder ... may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C. § 78aa. Although the D.C. Circuit has not dealt directly with this issue, other circuits have concluded that because Section 27 provides for nationwide service of process, it also "confers personal jurisdiction in any federal district court over any defendant with minimum contacts to the United States." *United Liberty Life Insurance Co. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir.1993); *see also In re Federal Fountain, Inc.,* 165 F.3d 600, 602 (8th Cir.1999); *Trust Company of Louisiana v. N.N.P., Inc.,* 104 F.3d 1478, 1486–87 (5th Cir.1997); *Kidder, Peabody & Co. v. Maxus Energy Corp.,* 925 F.2d 556, 562 (2d Cir.1991); 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1067.1 (2d ed.1987). Under this analysis, the Court would have jurisdiction over Ms. Farrah because currently and at all times relevant to this complaint, she has resided and transacted business within the United States, either in Connecticut or in California, and she therefore has minimum contacts with the United States.

In its recent decision in *GTE New Media Services, Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1350–51 (D.C.Cir.2000), however, the D.C. Circuit cast some doubt on this analysis. In *GTE,* the court considered whether Section 12 of the Clayton Act, 15 U.S.C. § 22, which contains language similar to (although not identical with) the language of Section 27 of the Securities Exchange Act, allows a court to exercise nationwide personal jurisdiction

over a defendant. Section 12 of the Clayton Act provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22. In construing the service of process provision, the court of appeals rejected an interpretation that would allow a court to exercise nationwide personal jurisdiction. *See GTE New Media Serv., Inc. v. BellSouth Corp.,* 199 F.3d at 1350. Instead, the court concluded that the venue provision (the phrase before the semicolon) modified and limited the reach of the service of process provision (the phrase after the semicolon). *See id.* at 1350–51. The court therefore held that in suits brought under the Clayton Act, a court has personal jurisdiction over a defendant only if one of the requisites for venue contained within the venue provision—that the defendant either be an inhabitant of or have transacted business in the district where the suit is brought—has been met.

Although the D.C. Circuit was analyzing the Clayton Act and not the Securities Exchange Act, the two provisions are sufficiently similar that this Court thinks it prudent to follow the Circuit's analysis. Applying the reasoning of *GTE*, it concludes that the service of process provision of Section 27 by itself cannot give the Court personal jurisdiction over Ms. Farrah, because that provision necessarily is limited by the requirements of the venue provision contained within Section 27. Because the special venue provision of Section 27 of the Securities Act differs from the venue provision of Section 12 of the Clayton Act, however, it does not follow from *GTE* that the Court does not have personal jurisdiction over the defendant in this case. The specific language of the venue provision of Section 27 must be considered.

Under Section 27, venue is proper "in *any such district* or in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa (emphasis added). The phrase "any such district" refers to the preceding sentence in the section, which provides that criminal proceedings "may be brought in the district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa; *see Investors Funding Corp. v. Jones,* 495 F.2d 1000, 1002–03 (D.C.Cir. 1974); *Securities and Exchange Comm'n. v. Wallace,* 94 F.Supp.2d 1, 2 (D.D.C.2000). The Court therefore has personal jurisdiction over Ms. Farrah in this civil action under Section 27 if this district is one in which "any act or transaction constituting the violation occurred," even if Ms. Farrah is not an inhabitant of this district and did not transact any business here. As Judge Leventhal put it:

> Thus, by the terms of this section a civil suit may be brought not only in any district where the defendant is found, or is an inhabitant or transacts business, none of which apply here, but also in that district in which a criminal proceeding, based upon the same illegal conduct, could be brought.

*Investors Funding Corp. v. Jones,* 495 F.2d at 1002 (footnote omitted).

The Court concludes that it has jurisdiction over Ms. Farrah because some of her actions that are acts or transactions constituting the alleged violation occurred in the District of Columbia within the meaning of Section 27. According to Mr. Poling, Ms. Farrah made several telephone calls to him while he was at his residence in the District of Columbia. Under Section 27, courts consistently have held that telephone calls made into a district and other similar contacts are sufficient acts or transactions to establish venue and hence personal jurisdiction. *See Bourassa v. Desrochers,* 938 F.2d 1056, 1057 (9th Cir. 1991); *Greenwood v. New Frontier Media,*

*Inc.*, 2000 WL 278086, at *6 (S.D.N.Y. March 14, 2000); *see also Investors Funding Corp. v. Jones*, 495 F.2d at 1002 (venue proper in District of Columbia when defendant failed to submit timely filing to federal agency in the District); *Securities and Exchange Comm'n. v. Wallace*, 94 F.Supp.2d at 2 (venue proper in District of Columbia when defendants failed to register as investment advisers with federal agency in the District). The fact that such telephone calls might not be enough to constitute "transacting business" under the District of Columbia long-arm statute, D.C.Code § 13–423, or to satisfy the specific "arising from" language of that statute, is irrelevant.[1] The Court therefore concludes that the Court has personal jurisdiction over Ms. Farrah under Section 27 and that venue also is proper in this Court.

■ Because the Court has jurisdiction over Ms. Farrah with respect to Counts I and II of the complaint, it may exercise supplemental jurisdiction over the remaining counts under 28 U.S.C. § 1367 as well:

> [U]nder the doctrine of pendent personal jurisdiction, where a federal statute authorizes nationwide service of process, and the federal and state claims "derive from a common nucleus of operative fact," the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available.

*IUE AFL—CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056–57 (2d Cir.1993); *see also Oetiker v. Jurid Werke, G.m.b.H.*, 556 F.2d 1, 4–5 (D.C.Cir.1977); 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.2 (2d ed. Supp.2000).[2] All of the counts of the complaint relate to the same operative facts—namely, Ms. Farrah's allegedly fraudulent investment scheme in which Mr. Poling contributed $100,000. Moreover, the Court can perceive no hardship to defendant in requiring that these additional counts be litigated in the District of Columbia because she must come to this Court to defend against the first two counts of the complaint. The Court concludes that under the doctrine of supplemental personal jurisdiction, it may exercise jurisdiction over Ms. Farrah with respect to counts III through IX of the complaint. It therefore denies defendant's motion to dismiss for lack of personal jurisdiction. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss for lack of personal jurisdiction and improper venue [24–1] is DENIED; and it is

---

1. Merely placing a telephone call from a location outside the District of Columbia to a person in the District of Columbia, without more, does not show that a defendant transacted business within the District for purposes of establishing long-arm jurisdiction under D.C.Code § 13–423(a)(1). *See, e.g., COMSAT Corp. v. Finshipyards S.A.M.*, 900 F.Supp. 515, 523 (D.D.C.1995). Nor would the additional contacts cited by plaintiff between Ms. Farrah and the District, namely her contacts related to the plans to purchase property in the District, support the Court's exercise of long-arm jurisdiction. Mr. Poling has failed to show how these contacts relate to the $100,000 investment that forms the basis of his complaint. Under the District of Columbia long-arm statute, unless the acts regarding the real estate transaction relate to his claim for relief, those contacts cannot support an exercise of jurisdiction. *See* D.C.Code § 13–423(b) ("When jurisdiction over a person is based solely on this section, only a claim for relief *arising from* acts enumerated in this section may be asserted against him") (emphasis added); *Novak–Canzeri v. Saud*, 864 F.Supp. 203, 206 (D.D.C.1994) ("the reach of the Court's jurisdiction under the 'transacting business' ... clause[] of the long-arm statute ... is limited by Section 13–423(b) ... [which] bars any claim unrelated to the particular transaction carried out in the District of Columbia upon which personal jurisdiction allegedly is based"). This "arising from" limitation of local law, however, has no bearing on the analysis under Section 27 of the Securities Act.

2. 28 U.S.C. § 1367, relating to the exercise of supplemental jurisdiction, essentially codifies the judicially created doctrines of pendent jurisdiction, as discussed in the relevant cases under Section 27, and ancillary jurisdiction.

FURTHER ORDERED that a meet and confer status conference is scheduled for February 21, 2001 at 9:30 a.m. The parties shall file a joint report in compliance with Local Civil Rule 16.3 on or before February 14, 2001.

SO ORDERED.