SUNLITE, INC., Plaintiff,

v.

BfG BANK AG, Defendant.

Civ. A. No. 93–0892 (CRR).

United States District Court,
District of Columbia.

April 15, 1994.

Thomas Gardiner Corcoran, Jr., Berliner, Corcoran & Rowe, Washington, DC, for plaintiff.

Loren Kieve, Lothar A. Kneifel, Debevoise & Plimpton, Washington, DC, for defendant.

### ORDER

CHARLES R. RICHEY, District Judge.

Plaintiff in the above-entitled case filed a Complaint for a Declaratory Judgment on April 30, 1993, and later filed an Amended Complaint. Plaintiff seeks a declaration from this Court that Plaintiff has fulfilled its obligations to Defendant under a "comfort letter"[1] and is not liable to Defendant for any sums of money, and also seeks to restrain Defendant from instituting any action against Plaintiff for recovery. Plaintiff pleads personal jurisdiction over Defendant pursuant to D.C.Code §§ 13–334, 13–423(a).

Before the Court are Defendant's Motion to Dismiss, the Opposition and Reply thereto, and Supplemental Memoranda submitted by both parties. In bringing this Motion, the Defendant moves to dismiss the Amended Complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, or, alternatively, to dismiss under the doctrine of forum non conveniens. Upon consideration of the papers filed by the parties, the applicable law, and the entire record herein, the Court shall grant Defendant's Motion to Dismiss for lack of personal jurisdiction.

#### Background

Plaintiff Sunlite, Inc., is a Delaware corporation which has its principal executive offices located in the District of Columbia and its principal operating division located in Texas.

---

1. "Comfort letter" is Plaintiff's translation of the German word "Patronatserklarung." Defendant characterizes the patronatserklarung as an "undertaking," or "agreement." For clarity, the Court will adopt Plaintiff's language, and refer to the patronatserklarung as a "comfort letter," without addressing the obligations of the parties under the document.

Defendant Bfg Bank AG is a bank established under the laws of the Federal Republic of Germany and operating in that country.

In 1992, a branch bank of Defendant in Braunschweig, Germany, extended a credit line of DM 1,000,000 to Herbort Maschinenbau GmbH ("Herbort"), a German limited-liability company. Plaintiff owns 67% of the stock in Herbort. As security for the line of credit, and the underlying basis of the Complaint, Plaintiff signed a comfort letter, drafted and prepared by Defendant. The comfort letter was written in German by Defendant, and is a document separate and apart from the line of credit. Defendant provided no English translation to Plaintiff. Defendant refused to accept Plaintiff's signed English translation, and insisted that Plaintiff execute the comfort letter in its original German text. Plaintiff executed the comfort letter, in its original German, on May 26, 1992, at its offices in Washington, D.C. Plaintiff returned the comfort letter to Defendant by mail, in care of Herbort.

Defendant later extended Herbort's line of credit through December 31, 1992. On July 17, 1992, Plaintiff executed an extension of the comfort letter, also in the original German as drafted by Defendant, to cover the additional time period. Plaintiff executed the extension in Washington, D.C., and returned the executed document to Defendant by courier, in care of Herbort.

Herbort filed for bankruptcy under German law on December 17, 1992. Thereafter, Defendant demanded by letter that Plaintiff repay Herbort's indebtedness under the credit line, plus interest. Defendant later threatened to sue unless Plaintiff made payment immediately.

The nature and extent of Plaintiff's obligations under the comfort letter are at issue in the underlying Complaint. However, the Court does not reach the merits of the case, because Defendant's Motion is dispositive.

### Analysis

The Due Process Clause of the Fourteenth Amendment limits the power of a court to exert personal jurisdiction over a nonresident defendant. The "constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process remains whether the defendant "purposefully established 'minimum contacts' in the forum State." *Asahi Metal Ind. v. Superior Court of California*, 480 U.S. 102, 108–09, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1988) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)). These minimum contacts must have a basis in "some act by which the *defendant* purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal*, 480 U.S. at 109, 107 S.Ct. at 1030 (citing *Burger King*, 471 U.S. at 475, 105 S.Ct. at 2183–84) (emphasis added). The "purposeful availment" requirement insures that a defendant will not be haled into court solely as a result of random, or attenuated contacts. *Health Communications, Inc. v. Mariner Corp.*, 860 F.2d 460, 462–63 (D.C.Cir.1988).

The plaintiff has the burden of making a *prima facie* showing of the pertinent jurisdictional facts for a court to exercise personal jurisdiction. *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C.Cir.1988); *Crane v. New York Zoological Society*, 894 F.2d 454, 456 (D.C.Cir.1990). In determining whether such a basis exists, factual discrepancies appearing in the record must be resolved in favor of the plaintiff. *Crane*, 894 F.2d at 456. However, a plaintiff must allege specific acts connecting the defendant with the forum State, and bare allegations are insufficient. *First Chicago*, 836 F.2d at 1378–79. Further, conclusory statements "do not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction." *Id.* at 1378.

Plaintiff asserts that personal jurisdiction exists over Defendant based on the District of Columbia's long arm statutes, D.C.Code §§ 13–334 and 13–423(a). D.C.Code Section 13–334 provides for service on foreign corporations "doing business" or "transact[ing] business" in the District of Columbia. With respect to personal jurisdiction based upon conduct, according to D.C.Code § 13–423(a)(1), "[a] District of Columbia court may

exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." This provision for personal jurisdiction based upon conduct has been interpreted as being coextensive with the Constitution's due process limits. *First Chicago*, 836 F.2d at 1377.

In ruling on a Rule 12(b)(2) motion, the Court must accept Plaintiff's claims as true. However, in applying the jurisdictional requirements of this Circuit to the allegations in the Complaint in this litigation, the Court holds that Plaintiff's assertions do not satisfy the required standard for an exercise of personal jurisdiction over Defendant.

Plaintiff alleges that Defendant is amenable to personal jurisdiction in this forum because Defendant is engaged in doing business in the District of Columbia, "through affiliates and correspondents who maintain a continuing presence in this forum directed at advancing the Defendant's corporate purposes and objectives." Amended Complaint at 2. However, Plaintiff's evidence of this "continuing presence" is, at best, sparse. The direct link that ties Defendant with the District of Columbia, Plaintiff asserts, is that the funds to pay any obligation arising out of the comfort letter would come from Plaintiff's bank accounts in the District of Columbia. Plaintiff's other purported linking of Defendant to the District of Columbia is that Defendant is "at least 50% owned" by a French bank, Credit Lyonnais, and that Credit Lyonnais has offices in various locations throughout the United States. Significantly, none of the Credit Lyonnais offices listed in Plaintiff's exhibits are located in the District of Columbia. Plaintiff further alleges that Herbort "acted as agent for [Defendant] and was subject to [Defendant's] di-

rection and control." Amended Complaint at 2.

■ In its Complaint, Plaintiff fails to allege its contacts with the specificity required by *First Chicago*, and merely asserts jurisdiction by making overly broad, generalized statements.[2] Plaintiff alleges that while negotiations took place in Germany, there was correspondence exchanged between Defendant and Plaintiff's District of Columbia offices. Even if there were correspondence exchanged between the parties, that would not be enough to establish personal jurisdiction over Defendant. *Health Communications, Inc. v. Mariner Corp.*, 860 F.2d 460 (D.C.Cir.1988) (ruling that several telephone conversations and correspondence over a period of eight months leading to a contract were insufficient to establish personal jurisdiction over foreign defendant).

Furthermore, Plaintiff's other "facts" that form the basis for personal jurisdiction over Defendant are wholly conclusory, with no factual foundation. *See First Chicago*, 836 F.2d at 1378–79. For example, Plaintiff baldly alleges that Herbort, a company whose stock is 67% owned by Plaintiff, acted as an agent for Defendant, but Plaintiff provides no specific evidence to back up this claim of agency. Plaintiff also alleges that Defendant is actually owned by Credit Lyonnais, a French bank with offices and employees operating in various areas of the United States. However, Plaintiff has provided no factual background upon which this conclusory assertion is based. In sum, Plaintiff has not provided facts that establish a *prima facie* case for the Court to exercise personal jurisdiction over Defendant.

Therefore, on the basis of the record before it, the Court concludes that Plaintiff has failed to meet its burden of establishing a *prima facie* showing of the requisite jurisdic-

---

**2.** In contrast, Defendant argues that it does not have the requisite minimum contacts with the District of Columbia because Defendant maintains no office or place of business in the District of Columbia, and has no employees, agents, real estate, or bank accounts in the District of Columbia. Defendant also claims that it is not registered or licensed to do business in the District of Columbia, and does not solicit business or advertise in the District of Columbia.

Defendant claims that all negotiations in connection with the Herbort line of credit took place in Germany, and that Herbort offered to provide the comfort letter from Plaintiff. Defendant further alleges that no representative of Defendant ever visited, telephoned, or corresponded with any person in the District of Columbia in connection with the negotiation, execution or delivery of the comfort letter.

tional facts to place Defendant under the personal jurisdiction of the courts of the District of Columbia.

Accordingly, it is, by this Court, this 14 day of April, 1994,

ORDERED that Defendant's Motion to Dismiss for lack of personal jurisdiction is hereby GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED from the dockets of this Court; and it is

FURTHER ORDERED that any and all other motions filed in this case shall be, and are hereby rendered and declared MOOT.