**Tricia NOVAK–CANZERI, d/b/a, The Canzeri Company, Plaintiff,**

v.

**HRH Prince Turki Bin Abdul Aziz Al SAUD and HRH Princess Hend, Defendants.**

**Civ. A. No. 93–1051 PFL.**

United States District Court, District of Columbia.

Sept. 30, 1994.

Donald F. Mintmire, Palm Beach, FL, for plaintiff.

Frederick W. Chockley, Washington, DC, Andrew C. Hall, Miami, FL, for defendants.

## MEMORANDUM OPINION

FRIEDMAN, District Judge.

Tricia Novak–Canzeri, d/b/a, The Canzeri Company, filed a Complaint, and later an Amended Complaint, seeking judgment against Defendants, HRH Prince Turki Bin Abdul Aziz Al Saud and HRH Princess Hend, citizens of Saudi Arabia who also have a residence in Miami, Florida. Plaintiff contends that she provided visa processing services for domestic servants employed by Defendants and that Defendants have not paid her for the services she delivered, all pursuant to an oral contract. Plaintiff pleads personal jurisdiction over Defendants in this diversity action under the District of Columbia long-arm statute, D.C.Code § 13–423.

Defendants move to dismiss the Amended Complaint, pursuant to Rule 12(b)(2), Fed. R.Civ.P., for failure to allege facts sufficient to satisfy the long-arm statute or the minimum contacts test under the Due Process Clause of the United States Constitution. Plaintiff opposes the motion. A hearing on Defendants' Motion to dismiss was held on September 20, 1994. Neither Plaintiff nor Defendants filed an affidavit in connection with this motion. Upon a plain reading of the Amended Complaint, however, and a careful consideration of the papers filed by the parties, the arguments of counsel and the applicable law, the Court is persuaded that it does not have personal jurisdiction over Defendants. It also concludes, however, that the case should be transferred, rather than dismissed, in the interest of justice.

A federal court may exercise personal jurisdiction over a non-resident defen-

dant only when service of process is authorized by statute and only when consistent with due process of law. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In a diversity action brought in this jurisdiction, the Court may look to the District of Columbia long-arm statute to determine whether it has personal jurisdiction, *Crane v. Carr*, 814 F.2d 758, 762 (D.C.Cir.1987), and it is established that the long-arm statute permits the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the Constitution. *First Chicago Int'l v. United Exchange Co. Ltd.*, 836 F.2d 1375, 1377 (D.C.Cir.1988); *Environmental Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc.*, 355 A.2d 808, 810–811 (D.C.App.1976) (en banc).

Under the District of Columbia long-arm statute, a plaintiff has the burden of establishing that personal jurisdiction exists by demonstrating a factual basis for the exercise of such jurisdiction over the defendant. *First Chicago Int'l v. United Exchange Co.*, 836 F.2d at 1378; *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C.Cir.1990); *Dooley v. United Technologies Corp.*, 786 F.Supp. 65, 70 (D.D.C.1992); *Mitchell Energy Corp. v. Mary Helen Coal Co. Inc.*, 524 F.Supp. 558, 561 (D.D.C.1981). In attempting to satisfy this burden, a plaintiff may not rest on bare allegations or conclusory statements alone and must make at least a *prima facie* showing if it is to avoid dismissal for want of jurisdiction. *First Chicago Int'l v. United Exchange Co.*, 836 F.2d at 1378; *Sunlite, Inc. v. BFG Bank AG*, 849 F.Supp. 74, 75 (D.D.C.1994); *Dooley v. United Technologies Corp.*, 786 F.Supp. at 70. While the long-arm statute is interpreted broadly, Plaintiff must allege some specific facts evidencing purposeful activity by Defendants in the District of Columbia by which they invoked the benefits and protections of its laws. *First Chicago Int'l v. United Exchange Co. Ltd.*, 836 F.2d at 1378–79; *Meyers v. Smith*, 460 F.Supp. 621, 622 (D.D.C. 1978); *Mitchell Energy Corp. v. Mary Helen Coal Co. Inc.*, 524 F.Supp. at 563.

In this case, Plaintiff alleges that Defendants "acted in such manner as provided in Section 13–423" by (1) entering into an agreement in the District [of Columbia] whereby services were supplied in the District, (2) engaging in discussions, conferences and meetings in the District, (3) availing themselves of the benefit of services available in the District, and (4) otherwise transacting business in the District. Amended Complaint ¶ 3. Defendants state unequivocally that "they have not nor do they conduct business in the District of Columbia. Neither Prince nor Princess traveled to Washington, D.C., nor had any other contact with the District of Columbia." Def. Mem. at 1.

Plaintiff also alleges in her Amended Complaint:

> During the month of March, 1991, Plaintiff and Defendants entered into an oral contract, the terms of which provided that Plaintiff would provide visa processing services and assistance with certain U.S. embassies, including but not limited to Singapore and Jakarta, for the retention of domestic servants for Defendants. In exchange, Defendants agreed to compensate Plaintiff at her reasonable hourly rate, and to reimburse Plaintiff for all out of pocket expenses incurred in performing said services, or otherwise advanced on behalf of Defendants.

Amended Complaint ¶ 9.

The D.C. long-arm statute provides, in relevant part:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services

rendered, in the District of Columbia; . . ..

D.C.Code § 13–423(a). The question before the Court is whether paragraphs 3 and 9 of the Amended Complaint set forth sufficient allegations to permit the exercise of personal jurisdiction over the Defendants under the statute. While the Court must accept Plaintiff's claims as true in ruling on a Rule 12(b)(2) motion, unless they are directly contradicted by an affidavit, *Crane v. New York Zoological Soc.*, 894 F.2d at 456, the Court concludes that Plaintiff's assertions do not even facially satisfy the requisite standards for the exercise of personal jurisdiction over Defendants.

■ It must first be noted that the reach of the Court's jurisdiction under the "transacting business" and "contracting for services" clauses of the long-arm statute, D.C.Code §§ 13–423(a)(1) and (a)(2), is limited by Section 13–423(b). That subsection provides that when jurisdiction is based solely on the long-arm statute "only a claim for relief arising from the specific acts enumerated in [the statute] may be asserted." D.C.Code § 13–423(b). As this Court has held, Section 13–423(b) bars any claims unrelated to the particular transaction carried out in the District of Columbia upon which personal jurisdiction allegedly is based: The claim itself must have arisen from the business transacted in the District or there is no jurisdiction. *Dooley v. United Technologies Corp.*, 786 F.Supp. at 71; *LaBrier v. A.H. Robins Co., Inc.*, 551 F.Supp. 53 (D.D.C. 1982).

The Court concludes that the Amended Complaint fails to meet the requirements of the "transacting business" and "contracting" clauses. Paragraph 3 of the Amended Complaint states that "[t]his Court has, and can exercise, personal jurisdiction over the Defendants based on the provisions of the [District long-arm statute]" and that "Defendants have acted and are acting in such manner as provided in Section 13–423." Amended Complaint ¶ 3 at 2. These conclusory statements are followed by boiler-plate allegations regarding Defendants' purported business contacts with the District, allegations that generally track the statutory requisites and the characterizations used by the courts in describing the kinds of activities that may suffice to establish jurisdiction. For example, the allegation that Defendants "avail[ed] themselves of the benefits of the services available in the District" parrots the language Judge Richey used in *Meyers v. Smith*, 460 F.Supp. at 622, but is not in and of itself an allegation of a specific act in the District of Columbia.[1] The same is true of the assertion that Defendants "otherwise transact[ed] business in the District."

As for the two remaining allegations set out in paragraph 3 of the Amended Complaint—that Defendants entered into an agreement in the District whereby services were to be supplied in the District, and that they engaged in conferences, discussions and meetings in the District—Plaintiff has offered no factual basis to support these assertions. Neither of these allegations suggest when, why and with whom these activities took place. They are conclusory statements that "do not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction." *First Chicago Int'l v. United Exchange Co.*, 836 F.2d at 1378. Plaintiff has failed to allege contacts by the Defendants with the District of Columbia with the specificity required, *id.* at 1378–79; *Sunlite, Inc. v. BFG Bank AG*, 849 F.Supp. at 75, or, indeed, any factual basis sufficient for the exercise of personal jurisdiction over the Defendants. *Crane v. New York Zoological Soc.*, 894 F.2d at 456.

Moreover, Plaintiff does not connect the conduct alleged to be the basis for her breach of contract claim with the claim of jurisdictional nexus with the District of Columbia, as required by D.C.Code § 13–423(b). While the bare jurisdictional allegations of the long-arm statute are incorporated almost verbatim into paragraph 3 of the

---

1. The plaintiffs in *Meyers v. Smith* relied on specific contacts with the District of Columbia to allege jurisdiction here, including defendant's membership in the District of Columbia Bar, his affiliation with a District of Columbia law firm, legal consultations performed by the defendant in the District of Columbia and business transacted by the defendant through an agent in the District. *Meyers v. Smith*, 460 F.Supp. at 623.

Amended Complaint, there is no statement that the jurisdictional allegations set forth there necessarily relate to the same activity as the breach of contract allegations that is Count I of the Amended Complaint or to any facts supporting an assertion that the oral contract that allegedly was breached was made or broken in the District of Columbia. While Plaintiff says that his incorporation of the jurisdictional paragraph 3 by reference into the claim set forth in paragraphs 8–11 is enough, the fact is that none of the allegations of Count I of the Amended Complaint indicate that the disputed contract was negotiated or entered into in the District of Columbia or that the services allegedly contracted for were to be performed in the District. Thus, Plaintiff's allegations, on their face, fail to satisfy the requirements of D.C.Code § 13–423(b), and there therefore can be no personal jurisdiction under the long-arm statute.

Nor is Plaintiff saved by the allegations in paragraph 9. In Plaintiff's description of the nature of the work to be performed, she alleges that, under the purported oral agreement, she was to provide visa processing services and assistance "with certain U.S. embassies, including but not limited to Singapore and Jakarta." Amended Complaint ¶ 9. The Amended Complaint does not state the whereabouts of those embassies, but a plain reading of the allegations in paragraph 9 suggests quite clearly that it refers to the U.S. Embassies in Singapore and Jakarta, not those in the District of Columbia. Obviously there are no U.S. Embassies in the District of Columbia or anywhere else in the United States.

Plaintiff argues that the facts in this case "are the same" as those in *Chase v. Pan-Pacific Broadcasting, Inc.,* 617 F.Supp. 1414, 1421 (D.D.C.1985). In *Chase,* however, the non-resident defendant initiated a business relationship with a Washington lawyer and directed the lawyer's work in the District. There are no similar allegations here. The facts alleged by Plaintiff in this case are also unlike those in *Mouzavires v. Baxter,* 434 A.2d 988 (D.C.1981) (*en banc*), *cert. denied,* 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982), where the non-resident defendants purposely solicited a District of Columbia lawyer to perform work in large part in the District. *See also Fisher v. Bander,* 519 A.2d 162 (D.C.App.1986); *Cohane v. Arpeja-California, Inc.,* 385 A.2d 153 (D.C.App.), *cert. denied,* 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978).

The only other possible basis for the Court's exercise of jurisdiction over Defendants is D.C.Code § 13–423(a)(3) or (a)(4), which extends the reach of the long-arm statute to defendants who "caus[e] tortious injury in the District of Columbia by an act or omission" either within or outside the District. Application of the "tortious injury" provision for an act committed outside the District of Columbia is strictly limited to persons who "regularly do[ ] or solicit[ ] business, [or] engage[ ] in any other persistent course of conduct ... in the District," D.C.Code § 13–423(a)(4), an allegation that Plaintiff does not even suggest. Moreover, as Plaintiff's Amended Complaint sounds in contract, not in tort, neither of the last two clauses of D.C.Code § 1423(a) provides a basis for jurisdiction. Plaintiff simply has failed to allege any facts that would bring Defendants under the Court's jurisdiction.

Finally, Plaintiff argues that the proper action to take if the Court determines it does not have personal jurisdiction over Defendants is to transfer the case to the United States District Court for the Southern District of Florida. Pl.Opp. at p. 5–6. Counsel for Defendants' represented in open court that Defendants do not object to such a transfer.

A court may transfer a case to another jurisdiction even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984), citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962); *Blair v. Norwegian Caribbean Lines, A/S,* 622 F.Supp. 21, 24 (D.D.C.1985). The decision whether a transfer or a dismissal is in the interest of justice rests within the sound discretion of the court. *Hayes v. RCA Service Co.,* 546 F.Supp. 661, 665 (D.D.C.1982).

While the amended complaint does not allege that any activity in connection with Plaintiff's claims took place in Florida, at least Defendants do own a residence in Florida and have some contacts with the state, which is more than can be said of the relationship of the Defendants to the District of Columbia. In addition, both parties agree that transfer to Florida is appropriate. Moreover, in this case the interests of justice weigh strongly in favor of transferring this action to the Southern District of Florida because of the statute of limitations. Plaintiff first filed this action on May 27, 1993, and filed an amended complaint on July 13, 1993, in part to allow for service upon Defendants pursuant to Florida law. Plaintiff then had to resort to substitute service on the Florida Secretary of State. These complications significantly delayed the progress of the case. A dismissal might prejudice Plaintiff by placing her outside of the applicable statute of limitations while a transfer to Florida would better serve the interests of justice.

Plaintiff does not specify whether she relies on 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), but the Court concludes that Section 1406(a) is the more relevant.[2] "Congress, by the enactment of § 1406(a) recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by ... 'time-consuming and justice-defeating technicalities.'" *Goldlawr, Inc. v. Heiman*, 369 U.S. at 467, 82 S.Ct. at 916 (citation omitted); *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (1983) (transfer particularly appropriate where the case would be barred by statute of limitations if dismissed and it appears likely that personal jurisdiction could be obtained in the transferee jurisdiction).

Accordingly, although on the basis of the record before the Court, Plaintiff has failed to meet its burden of establishing a *prima facie* showing of the requisite jurisdictional facts under the District of Columbia long-arm statute, the Court concludes that the interests of justice would be served by transferring this action to the United States District Court for the Southern District of Florida rather than dismissing it.

---

2. Section 1404(a) deals with situations in which venue is proper in the district court where the action was originally filed and addresses whether the court should retain or transfer a case. Section 1406(a), on the other hand, addresses whether transfer or dismissal is the appropriate action when venue is found to be improper. In this case, venue appears to be improper in the District of Columbia. Thus, this case would fall under section 1406(a). Under that section it is the interest of justice, and not the convenience of the parties, that predominates. *See Hayes v. RCA Service Co.*, 546 F.Supp. 661 (D.D.C.1982).