## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **VINCENT CANNADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-3243 (APM) |
| | ) | |
| **LOCAL GOVERNMENT INSURANCE TRUST, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Vincent Cannady, a resident of Missouri, brings this action pro se against Defendants Local Government Insurance Trust, The Charter Oak Fire Insurance Co.,[1] and Judge Harold L. Dump II, alleging various violations of his statutory and constitutional rights. *See* Compl., ECF No. 1. Defendants have each moved to dismiss for lack of personal jurisdiction and failure to state a claim.[2] *See* Defs.' Mots. to Dismiss, ECF Nos. 3, 13, 24. Because the court finds that it lacks personal jurisdiction over Defendants, the court grants Defendants' motions to dismiss.

## I.

On a motion to dismiss under Rule 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant, *Crane v. New York Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990), and it "cannot rely on conclusory allegations," *Exponential Biotherapies,*

---

[1] Cannady improperly identifies The Charter Oak Insurance Co. as "Travelers Insurance" in his Complaint. *See* Compl., ECF No. 1; Def. Charter Oak Fire Ins. Co.'s Mot. to Dismiss, ECF No. 13, at 1.

[2] Defendant Dump additionally moves to dismiss under Rule 12(b)(5) for insufficient service of process. *See* Def.'s Mot. to Dismiss & Mem. in Supp., ECF No. 24, ¶ 5. Because the court finds it lacks personal jurisdiction over Judge Dump, it does not reach this argument.

*Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 6 (D.D.C. 2009) (internal quotation marks and citation omitted). In deciding whether the plaintiff has shown a factual basis for personal jurisdiction over a defendant, the court resolves factual discrepancies in favor of the plaintiff. *Crane*, 894 F.2d at 456. While the court construes pro se complaints liberally, *Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), pro se plaintiffs are not exempt from "plead[ing] adequate jurisdictional facts for their claims," *Walsh v. Hagee*, 900 F. Supp. 2d 51, 56 (D.D.C. 2012).

When a defendant is neither domiciled nor "at home" within the forum, courts have personal jurisdiction only if the suit arises out of or relates to the defendant's contacts with the forum. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017). "A plaintiff seeking to establish specific jurisdiction over a nonresident defendant must establish that specific jurisdiction comports with the forum's long-arm statute, D.C. Code § 13–423(a), and does not violate due process." *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094–95 (D.C. Cir. 2008), *overruled on other grounds by Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883 (D.C. Cir. 2021). As relevant here, the District of Columbia's long-arm statute provides that a District of Columbia court may exercise personal jurisdiction over a person "as to a claim for relief arising from the person's" (1) "transacting any business in the District of Columbia"; (2) "causing tortious injury in the District of Columbia by an act or omission in the District of Columbia"; or (3) "causing tortious injury in the District of Columbia by an act or omission outside of the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a).

## II.

Cannady fails to satisfy his burden of demonstrating that the court has personal jurisdiction over Defendants. He has not shown that the court can exercise general jurisdiction over any Defendant, *see* D.C. Code § 13-422, and he has not alleged any facts that would establish specific jurisdiction under the long-arm statute, *id.* § 13-423. Indeed, Cannady asserts no act or injury occurring within the District of Columbia at all, *see generally* Compl., ECF No. 1, and he himself appears to concede in each of his opposition briefs that this court lacks personal jurisdiction over Defendants, *see, e.g.*, Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 6, at 9–10 ("So while Diversity exists and there is no personal Jurisdiction of either party it is a Neutral Court that is the Proper place of filing because as long as that Neutral Court has Subject Matter Jurisdiction than it has Jurisdiction over both parties no matter the Party location."). Cannady, of course, is wrong to suggest that a court that has subject matter jurisdiction over an action may nevertheless proceed against a defendant over which it lacks personal jurisdiction merely because it is a "neutral court." *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982) ("Until the court has established personal jurisdiction, . . . any assertion of judicial power over the party violates due process."). Accordingly, even construing Cannady's pro se Complaint liberally, he has failed to "plead an adequate jurisdictional basis for [his] claims." *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).[3]

---

[3] To the extent that Cannady argues the court should transfer the case in lieu of dismissal, *see, e.g.*, Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 19, at 10, the court declines that invitation given that Cannady has failed to show that his claims "could properly be heard in any federal court," *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Cannady's claims are so inscrutable that transfer to another district would not be in the interest of justice. *See id.*

**III.**

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 3, 13, 24, are hereby granted.

A final appealable Order accompanies this Memorandum Opinion.

Dated:  June 21, 2021

Amit P. Mehta
United States District Court Judge