No. 21-7058                              September Term, 2021

1:21-cv-01168-UNA

**Filed On:** February 3, 2022

Brett Andrew Nelson,

      Appellant

    v.

Ashley Morgan Burgemeister, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Wilkins, Rao, and Jackson, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief, the supplement to the brief, and the response to the order to show cause filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed May 17, 2021, be affirmed on the ground that the district court lacked personal jurisdiction over any of the respondents. See Chambers v. Burwell, 824 F.3d 141, 143 (D.C. Cir. 2016) ("[W]e may affirm the district court on any ground supported by the record."); Buchanan v. Manley, 145 F.3d 386, 388-89 (D.C. Cir. 1998) (per curiam).

Appellant has not met his "burden of establishing a factual basis for the exercise of personal jurisdiction over the [respondents]." Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). Individuals may be subject to personal jurisdiction in the District of Columbia if they are domiciled or maintain their principal place of business in the District, or if the exercise of personal jurisdiction is permissible under the District's long-arm statute, D.C. Code § 13-423, and does not violate due process. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011); Urquhart-Bradley v. Mobley, 964 F.3d 36, 44 (D.C. Cir. 2020). Appellant acknowledges that the respondents are all residents of Colorado, and he has not suggested that any of them maintains a principal place of business in the District. Further, appellant fails to demonstrate any connection between the allegations underlying his petition and the

**No. 21-7058**                                          **September Term, 2021**

District that would implicate the District's long-arm statute.

Moreover, appellant's reliance on the Federal Arbitration Act's procedures for confirming an arbitration award, 9 U.S.C. § 9, is unavailing. That provision allows a petitioner to file an application to confirm an arbitration award in the court specified by the parties' agreement or in the federal district court for the district where the award was made, and service of notice of that application establishes the court's personal jurisdiction over the respondents. Id. Here, however, appellant seeks to confirm an arbitration award that was purportedly issued in Athens, Georgia, and his unsubstantiated assertions fail to demonstrate that he and the respondents entered into an enforceable contract which permitted him to apply to confirm that award in the D.C. district court. See First Chicago Int'l v. United Exch. Co., Ltd., 836 F.2d 1375, 1378 (D.C. Cir. 1988) ("Conclusory statements . . . do not constitute the prima facie showing necessary to carry the burden of establishing personal jurisdiction.") (citation and internal quotation marks omitted). Therefore, appellant has not shown that 9 U.S.C. § 9 provides a valid basis to establish personal jurisdiction over the respondents in this case.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

                        BY:     /s/
                                        Daniel J. Reidy
                                        Deputy Clerk