# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-7015**

**September Term, 2021**

FILED ON: JUNE 17, 2022

UAB SKYROAD LEASING,
              APPELLANT

v.

OJSC TAJIK AIR, THE REPUBLIC OF TAJIKISTAN,
              APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00763)

---

Before: ROGERS and RAO, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

UAB Skyroad Leasing ("Skyroad"), a Lithuanian company, seeks to enforce an arbitral award against OJSC Tajik Air ("Tajik Air"), an airline wholly owned by the Republic of Tajikistan. The Vilnius Court of Commercial Arbitration issued a final award in Skyroad's favor, which was affirmed by the Court of Appeal of Lithuania. Tajik Air has not yet paid the arbitral award, and Skyroad filed a petition to enforce the award in the district court pursuant to the Federal Arbitration Act, 9 U.S.C. § 207. Tajik Air moved to dismiss for improper service of process and lack of personal jurisdiction. The district court granted the motion, ruling that it lacked personal jurisdiction over Tajik Air under the Fifth Amendment's Due Process Clause. *UAB Skyroad Leasing v. OJSC Tajik Air* ("*Skyroad*"), No. 20-cv-763, 2021 WL 254106, at *1, *12 (D.D.C. Jan. 26, 2021). We affirm.

## I.

The Foreign Sovereign Immunities Act allows U.S. courts to exercise personal jurisdiction over a "foreign state," including "an agency or instrumentality of a foreign state," 28 U.S.C. § 1603(a), in any case where subject-matter jurisdiction is present and proper service has been made, *id.* § 1330(b). These requirements establish personal jurisdiction over "actual foreign government[s]," which "are not 'persons' protected by the Fifth Amendment." *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 96, 99 (D.C. Cir. 2002). Instrumentalities, however, enjoy a "presumption of separateness" from the affiliated foreign state. *GSS Grp. Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 814 (D.C. Cir. 2012); *see also First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba* ("*Bancec*"), 462 U.S. 611, 626–27 (1983), *abrogated on other grounds by* 28 U.S.C. § 1610. Unless this presumption is rebutted by showing that either a principal-agent relationship exists between the foreign state and the instrumentality or equitable principles favor the exercise of jurisdiction, *see Bancec*, 462 U.S. at 629–32, an instrumentality is protected by the Due Process Clause of the Fifth Amendment, *TMR Energy Ltd. v. State Prop. Fund of Ukraine*, 411 F.3d 296, 301 (D.C. Cir. 2005). The district court has personal jurisdiction only if, in addition to 28 U.S.C. § 1330(b)'s requirements, the instrumentality has sufficient minimum contacts with the United States. *GSS Grp.*, 680 F.3d at 810 & n.3. The parties agree that Tajik Air is an instrumentality of the Republic of Tajikistan and has no contacts with the United States. Therefore, whether Skyroad can rebut the presumption of separateness is dispositive. On *de novo* review, *Shatsky v. Palestinian Liberation Org.*, 955 F.3d 1016, 1036 (D.C. Cir. 2020), the court has determined the district court correctly concluded that neither the agency nor the equity exception overcomes the presumption in this case, *see Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 455–56 (D.C. Cir. 1990).

## II.

Skyroad's allegations, taken as true, and the record evidence do not show that Tajik Air is an agent of the Republic of Tajikistan or that Tajikistan's control over the airline "significantly exceeds the normal supervisory control exercised by any corporate parent . . . and . . . amounts to complete domination." *Transam. Leasing, Inc. v. La Republica de Venezuela*, 200 F.3d 843, 848 (D.C. Cir. 2000); *see Bancec*, 462 U.S. at 629. As the district court correctly concluded, this case is similar to *Transamerica Leasing, Inc. v. La Republica de Venezuela*, 200 F.3d 843 (D.C. Cir. 2000). There, the foreign state was the instrumentality's sole shareholder, appointed its Board and executives, oversaw a major restructuring in response to financial distress, and provided indirect financial aid. 200 F.3d at 850–51. The court regarded the government's involvement in the restructuring process as "nothing more than the sole shareholder exercising its influence" to remedy "severe operational problems" and noted that "a massive restructuring hardly qualifies as [involvement in] 'day-to-day' business" indicative of excessive control or a principal-agent relationship. *Id.* at 851. As to financial assistance, the court "noted that a 'typical government instrumentality' has primary responsibility for its own finances '[e]xcept for appropriations to provide capital or to cover losses.'" *Id.* at 852 (alteration in original) (quoting *Bancec*, 462 U.S. at 624). "Taken together," these facts, along with the state's sole-owner status and control over the Board, "reflect[ed] only a normal relationship between a sovereign and an instrumentality of the state" and did not overcome the presumption of separateness. *Id.*

So too, here: Tajikistan's sole ownership of Tajik Air and appointment of Supervisory Board members "as a matter of law do not by themselves establish the required control," *id.* at 851, because they show only that Tajikistan carries out the functions of any majority shareholder or corporate parent, *see id.* at 848–49; *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 448 (D.C. Cir. 1990). The district court determined that "the Supervisory Board appears not to be responsible for [Tajik Air's] day-to-day operations," which "are performed by its Director General," an employee of the airline rather than the government. *Skyroad*, 2021 WL 254106, at *9. The record shows that the Tajik government adopted resolutions extending state support to Tajik Air in response to ongoing financial difficulties, *see* Resolution (Sept. 25, 2018) [Joint Appx. 159–70]; Resolution (June 1, 2020) [Joint Appx. 428–30], but, as the district court found, these resolutions requiring Tajik Air's creditors to accept tax credits in lieu of cash payments from the airline demonstrate only that "Tajikistan has provided *indirect* financial assistance to Tajik Air" to alleviate the airline's financial problems, *Skyroad*, 2021 WL 254106, at *8; *see Transam. Leasing*, 200 F.3d at 852.

Skyroad contends that the district court misconstrued the record evidence and did not consider the totality of the circumstances. The district court rejected Skyroad's arguments, *see Skyroad*, 2021 WL 254106, at *6–11, and Skyroad offers no convincing indication of clear error in the district court's factual findings, *see M.M.V. v. Garland*, 1 F.4th 1100, 1108 (D.C. Cir. 2021), which are supported by substantial record evidence. Further, the district court's reasoning reflects its evaluation of the totality of the circumstances, expressly finding that "the facts offered by Skyroad to show Tajikistan's control over Tajik Air, when viewed as a whole, are insufficient to satisfy the principal-agent exception to *Bancec*'s presumption of separateness." *Skyroad*, 2021 WL 254106, at *11. This conclusion accords with precedent.

Skyroad's contention that the district court's refusal to exercise personal jurisdiction works fraud or injustice lacks merit. Tajik Air has not availed itself of a U.S. forum or sought the protection of U.S. law beyond defending this lawsuit. *See Bancec*, 462 U.S. at 632. Nor is Tajik Air's assertion of separateness inconsistent with its arguments in the underlying arbitration. There, Tajik Air argued that Tajikistan was its sole owner, while here it contends that Tajikistan does not control its day-to-day operations.

Accordingly, given that Skyroad concedes Tajik Air lacks minimum contacts with the United States, the district court did not err in finding that it could not exercise personal jurisdiction over Tajik Air consistent with the Due Process Clause.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

4

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk