**Bernard KOTEEN, et al., Appellees,**

v.

**BERMUDA CABLEVISION, LTD., et al., Appellants.**

**No. 89–7114.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 11, 1990.

Alan Raywid, Washington, D.C., for appellants.

Irving R.M. Panzer, Washington, D.C., for appellees.

---

Before SILBERMAN, D.H. GINSBURG, and THOMAS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This appeal presents the issue of whether a foreign corporation and its president, who retained the services of a District of Columbia law firm, had the minimum degree of contact with the District necessary for the U.S. District Court for the District of Columbia to exercise personal jurisdiction over them in a suit arising from that contact. We hold that they had sufficient contact with the District, and that it is a fair and reasonable forum, as required by the Due Process Clause of the Fifth Amendment to the United States Constitution.

## I. BACKGROUND

The appellants are Bermuda Cablevision, Ltd., a Bermuda corporation, and its President, W. Gavin Wilson. Bermuda Cablevision is not licensed by, nor has any assets in, the District of Columbia. Appellees are the partners in the law firm of Koteen & Naftalin ("Koteen"), which is located in the District of Columbia.

In 1980, Bermuda Cablevision, through Wilson, engaged the services of Koteen in order to help it get the permission of the Bermuda government to operate a cable television system in Bermuda. For seven years thereafter, Koteen performed legal work for the company, both in the District of Columbia and in Bermuda. On many occasions, Wilson and Koteen corresponded and spoke by telephone between Bermuda and the District of Columbia. Wilson and other employees of the company traveled from Bermuda to Washington on several occasions in order to confer with Koteen.

As of October 30, 1981, Bermuda Cablevision owed more than $40,000 to Koteen. Because the company was not yet operating and did not have the funds to pay for legal services, Bermuda Cablevision and Koteen entered into a written fee agreement, on November 1, 1981, under which the company was to issue to Koteen shares of stock in consideration of $12,000 of its indebtedness. The balance of the existing debt, and fees for future legal services, were payable when and if the company was granted a cable license. Wilson personally guaranteed the company's commitment.

Koteen continued to perform legal work for Bermuda Cablevision in the District of Columbia and in Bermuda until it was issued a license in 1987. Koteen thereafter sought payment under the contingent fee provision of the 1981 agreement. Bermuda Cablevision disputed the validity of the fee agreement under Bermuda law, and declined to pay any of the amount claimed.

In 1988, Koteen filed this suit in the district court. The defendants did not answer the complaint. Instead, the company and Wilson each entered a special appearance and moved to dismiss for lack of personal jurisdiction. The district court denied the motion, and on March 28, 1989, entered a default judgment for $229,400.42, plus interest, against each defendant. Bermuda Cablevision and Wilson thereafter filed this appeal, contesting the district court's exercise of personal jurisdiction.

## II. ANALYSIS

The district court, sitting in diversity, correctly applied the law of the District of Columbia in order to determine whether it has personal jurisdiction over the appellants. *See Crane v. Carr*, 814 F.2d 758, 762 (D.C.Cir.1987). The District's long-arm statute provides that a corporation or an individual becomes subject to the jurisdiction of a court of the District of Columbia by "transacting any business in the District of Columbia." D.C.Code Ann. § 13–423(a)(1). This "transacting business" provision is as far-reaching as the due process clause allows. *See Hummel v. Koehler*, 458 A.2d 1187, 1190 (D.C.1983) (quoting *Mouzavires v. Baxter*, 434 A.2d 988, 992 (D.C.1981) (en banc)). Under D.C. Code Ann. § 13–423(b), however, "only a claim for relief arising from acts enumerated in this section may be asserted against" the outlander. Thus, the appellants' contacts with the District of Columbia must

relate to the factual circumstances giving rise to this suit in order to support the "specific jurisdiction" authorized by this section. *See Willis v. Willis,* 655 F.2d 1333, 1336 (D.C.Cir.1981); *Naartex Consulting Corp. v. Watt,* 542 F.Supp. 1196, 1199 (D.D.C.1982), *aff'd,* 722 F.2d 779, 785 (D.C.Cir.1983).

The exercise of jurisdiction over a defendant comports with due process if the defendant "purposefully established 'minimum contacts' in the forum State," *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985), and if these contacts have a basis in " 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' " *id.* at 475, 105 S.Ct. at 2183 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)). The exercise of jurisdiction must also comport with " 'traditional notions of fair play and substantial justice.' " *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

■ In a situation like the present, the District of Columbia Court of Appeals has identified the relevant "justifications" that favor the court's assertion of personal jurisdiction: the District of Columbia has a "substantial interest in providing a forum to redress wrongs inflicted upon its citizens by clients who fail to pay for professional services supplied in the District of Columbia by District of Columbia law firms," *Fisher v. Bander,* 519 A.2d 162, 164 (D.C. 1986); the defendant has "availed himself of the special benefits of doing business with a Washington, D.C. law firm," *id.* at 165; and "it can hardly be said that litigation of a fee dispute [in the District of Columbia] poses any undue burden on the client," *id.*

In this case, there is no doubt that Bermuda Cablevision purposefully established significant contacts with the District by retaining the Koteen law firm, visiting its offices in the District of Columbia on several occasions, and extensively communicating with it by telephone and by mail. These contacts are plainly enough for the exercise of jurisdiction to satisfy the requirements of due process. *See id.* (nonresident who sought out Washington, D.C. law firm for expertise in FCC matters availed himself of the special benefits of the forum, and could not " 'avoid interstate obligations ... voluntarily assumed' " (quoting *Burger King,* 471 U.S. at 474, 105 S.Ct. at 2183)).

Relying principally on *Asahi,* 480 U.S. at 113–16, 107 S.Ct. at 1033–35, the appellants argue that, for reasons of fair play and substantial justice, the district court may not assert personal jurisdiction over them. As the Court in *Asahi* noted, however, "[w]hen minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Id.* at 114, 107 S.Ct. at 1034.

Moreover, the appellants provide no cognizable support for their contention that they would be severely burdened by having to litigate in the District of Columbia. Instead, they argue only that the fee contract may be governed by Bermuda law and that a Bermuda court may find a judgment rendered in the District of Columbia unenforceable in Bermuda. They do not claim that Bermuda has a greater interest than the District of Columbia in adjudicating the fee dispute, or that the suit would interfere with Bermuda's procedural or substantive policies. *See id.* at 115, 107 S.Ct. at 1034.

## III. CONCLUSION

For the reasons set out above, we hold that the appellants have the constitutionally sufficient minimum level of contacts with the District of Columbia to support personal jurisdiction in the district court, and that the interests of the District and of the appellees in resolving the matter here outweigh the burden on Bermuda Cablevision and on Wilson of litigating the matter

here. Accordingly, the district court's order of January 30, 1989, is

*Affirmed.*