Carey Dunai LOHRENZ, Plaintiff,

v.

Elaine DONNELLY, et al., Defendants.

Civil Action No. 96–0777(RCL).

United States District Court,
District of Columbia.

April 15, 1997.

Pamela Nagle Hultin, McCarthy, Lebit, Crystal & Haiman, Cleveland, OH, for Plaintiff.

Sharon Cummings, Robins, Kaplan, Miller & Ciresi, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

This case comes before the court on defendant Copley Press' motion to dismiss for lack or jurisdiction, or in the alternative for lack of venue. The Court finds that it does not have personal jurisdiction over Copley Press and cannot entertain plaintiff's claims against that defendant.

### I.

### BACKGROUND

Lieutenant Carey Dunai Lohrenz was the first female pilot to be assigned directly from naval training to a naval combat aircraft. Several months after her assignment to Squadron 213, which was then attached to the U.S.S. Abraham Lincoln in the Pacific Fleet, a second female pilot in the Squadron was killed in a crash while attempting to land her aircraft. Shortly thereafter, allegations began to spread concerning Lt. Lohrenz's abilities and training, in essence asserting that she was not fit to fly in combat and that she had received preferential treatment by naval training officers. Lt. Lohrenz claims that defendants were involved in the creation of these false assertions and that their publication and dissemination of erroneous information caused her mental distress, loss of reputation and flight status, and her chosen career as a naval aviator.

In an attempt to recover damages for her injuries, plaintiff filed the instant suit alleging libel and invasion of privacy against all defendants and, additionally, slander against defendants Donnelly, the Center for Military Readiness and John Does 1–100. Lt. Lohrenz alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)[1] and proper venue under 28 U.S.C. § 1391 and 2193. Although asserting subject matter jurisdiction based on the parties' diversity of residency,[2] Lt. Lohrenz fails to allege personal jurisdiction over defendant Copley Press pursuant District of Columbia law. Copley Press asserts that such jurisdiction does not exist with respect to Lt. Lohrenz's claims against it. The Court agrees.

## II.

## DISCUSSION

As both parties recognize, the Court must apply the jurisdictional law of the District of Columbia. *Koteen v. Bermuda Cablevision,* 913 F.2d 973, 974 (D.C.Cir.1990) (district court sitting in diversity must apply the law of the District of Columbia to determine whether it has personal jurisdiction over defendants). In her response to Copley Press' motion to dismiss, Lt. Lohrenz alleges personal jurisdiction under the District of Columbia long-arm statute. *See* D.C.Code Ann. § 13–423 (1981).

■ Lt. Lohrenz asserts that the Court has personal jurisdiction over Copley Press given that her claim arises from Copley's "transacting ... business in the District of Columbia." *Id.* § ·13–423(a)(1). The Court disagrees. As Copley Press readily concedes, defendant operates a bureau in the District and thus, by definition, transacts business in the District. Lt. Lohrenz asserts that the D.C. bureau is engaged not only in the business of news gathering, but also that it contributes columns that are syndicated to 1,500 publications by Copley Press through

its Copley News Service. Yet Lt. Lohrenz fails to show the link between either of these activities and the allegedly libelous articles published by Copley Press in the *San Diego Union–Tribune. Crane v. Carr,* 814 F.2d 758, 760 (D.C.Cir.1987) (plaintiff must point to links defendant has with District to permit further inquiry regarding personal jurisdiction). The long-arm statute grants the Court jurisdiction only where the "operative facts" of the claimed injury arise from the defendant's specific transacted business in the District. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 786 (D.C.Cir.1983). As defendant's affidavits show, the *Union–Tribune's* articles were entirely researched and written without input by members of the D.C. bureau. Lt. Lohrenz has failed to offer sufficient claims to support a prima facie showing that the injuries she allegedly suffered from the writing and publication of the *Union–Tribune* article in San Diego are linked to the transacted business of the Copley Press' D.C. bureau. *See id.*

■ Alternatively, Lt. Lohrenz claims that the Court has personal jurisdiction over Copley Press given that her claim arises from Copley's "causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia" as Copley regularly does business and engages in a persistent course of conduct within the District. *Id.* § 13–423(a)(4). Lt. Lohrenz asserts that Copley Press regularly does business through its D.C. bureau and that this creates a persistent course of conduct that meets the statutory burden. Again, the Court disagrees. In applying the District of Columbia's long-arm statute, this Circuit has consistently held that the business conduct of news gathering organizations within the District cannot be used to establish personal jurisdiction over an out-of-state news agency. *Neely v. Philadelphia Inquirer,* 62 F.2d 873 (D.C.Cir.1932); *Margoles v. Johns,* 483 F.2d

---

1. In her First Amended Complaint and Jury Demand, plaintiff improperly cites the jurisdictional statute regarding diversity of citizenship as Title 12 of the United States Code rather than Title 28. The Court presumes plaintiff intended to cite the later Title as the source for subject matter jurisdiction.

2. Objections to Lt. Lohrenz's alleged diversity of citizenship are not herein considered. As the Court has no personal jurisdiction over defendant Copley Press, the Court need not decide the issue of subject matter jurisdiction over Lt. Lohrenz's claims against Copley Press.

1212 (D.C.Cir.1973); *Founding Church of Scientology of Washington. D.C. v. Verlag,* 536 F.2d 429 (D.C.Cir.1976); *Moncrief v. Lexington Herald–Leader,* 807 F.2d 217 (D.C.Cir.1986). The policy behind the so-called news gathering exception is that, in extending personal jurisdiction on the business or conduct of a D.C. news bureau, the long-arm statute would subject nearly all important national and international newspapers to suit in the District. *Founding Church of Scientology, supra,* 536 F.2d at 434.

Lt. Lohrenz argues that the news gathering exception does not apply to Copley Press, asserting that the bureau does more than gather news for publication in local papers. In addition, Lt. Lohrenz argues, the bureau produces columns that are syndicated by Copley Press to some 1,500 other publications. Thus, Lt. Lohrenz concludes that the purpose of the exception—to encourage the free flow of news information from the District to the localities of nonresident publishers—is inapposite to the syndication activities of Copley Press' D.C. bureau. The distinction Lt. Lohrenz makes between the two activities, however, is unclear to the Court. Plaintiff's argument rests on an assumption that articles written by syndicated columnists are less news-based and more opinion-based in comparison to those articles written by staff reporters and that, therefore, the former do not merit application of the latter's exception. The Court, however, recognizes that in essence *all* articles, whether written by columnists or reporters, are based at least in part on opinions and assertions. Even assuming *arguendo* that the Court should find the news gathering exception inapplicable to D.C. bureaus that produce syndicated columns, plaintiff presents no reliable standard by which courts could distinguish between bureaus whose columns are appropriately news based and those which are not. In short, courts simply do not have the ability or expertise to make the distinction which Lt. Lohrenz seeks. The Court holds that the news gathering exception prohibits this Court from basing personal jurisdiction over Copley Press on the activities of its D.C. bureau.

### III.

### CONCLUSION

Plaintiff has failed to establish a proper basis for the Court's jurisdiction over defendant Copley Press under the D.C. long-arm statute. Accordingly, defendant Copley Press' motion to dismiss is GRANTED, and the first amended complaint is hereby DISMISSED as to defendant Copley Press.

SO ORDERED.