**CAPITAL BANK INTERNATIONAL LTD., Plaintiff,**

v.

**CITIGROUP, INC., et al., Defendants.**

**Civil Action No 02–1149 (RMU).**

United States District Court, District of Columbia.

Aug. 4, 2003.

sound discretion of its sister court in the Southern District of Florida.

Frazer Walton, Jr., Washington, DC, Mark Lane, Greenwich, NJ, for Plaintiff.

Mitchell Bruce Weitzman, Bean, Kinney & Korman, P.C., Arlington, VA, Audrey E. Moog, Hogan & Hartson, L.L.P., Washington, DC, for Defendants.

### MEMORANDUM OPINION

URBINA, District Judge.

#### TRANSFERRING THE ACTION TO THE DISTRICT OF DELAWARE

### I. INTRODUCTION

This matter is before the court on motions by two of the three defendants to dismiss the complaint for lack of personal jurisdiction and a motion by the plaintiff to transfer the action to the District of Delaware if the court finds that it lacks personal jurisdiction. The plaintiff is Capital Bank International Ltd. ("Capital Bank"), a West Indies banking corporation. The defendants are Citigroup, Inc. ("Citigroup"), a Delaware banking association; Citibank Delaware, another Delaware banking association; and BT North America, Inc. ("BTNA"), a corporation with its principal place of business in New York. The plaintiff brings suit against the defendants to recover $272,772.46 after an allegedly fraudulently indorsed check in that amount was deposited into a Capital Bank account. Defendants Citigroup and Citibank Delaware filed motions to dismiss for lack of personal jurisdiction. Because the contacts between the two defendants and the District of Columbia are insufficient to satisfy specific or general jurisdiction, the court lacks personal jurisdiction over either defendant. In the interest of justice, however, the court grants the plaintiff's motion to transfer the action to the District of Delaware.

### II. BACKGROUND

#### A. Factual Background

At the heart of this action is a single check in the amount of $272,772.46 that changed hands some four years ago. In February 1999, a client of defendant Citibank Delaware issued the check to defendant BTNA. Am. Compl. ¶¶ 7–8. The check apparently was indorsed over to Waset Asset Management ("Waste"), who deposited the check in its Capital Bank account.[1] *Id.* The plaintiff accepted the check, subject to clearance by defendants

---

1. The record does not indicate who indorsed the check.

Citibank Delaware and Citigroup, and sent it off to its collecting and correspondent bank, the International Bank of Miami. *Id.* ¶¶ 9–10. After the International Bank of Miami credited the check to the plaintiff's account, the plaintiff allowed Waset to draw against the $272,772.46. *Id.* ¶ 11.

In May 1999, after receiving a returned check against Waset's account, the plaintiff discontinued service to Waset and froze the balance of Waset's account. *Id.* ¶¶ 12–13. In August 1999, after no additional checks were returned against Waset's account, the plaintiff closed Waset's account and returned the balance to Waset. *Id.* ¶ 13.

Several months later, in February 2000, the International Bank of Miami determined that the indorsement on the $272,772.46 check deposited by Waset into its Capital Bank account had been forged. *Id.* ¶ 14. Accordingly, the International Bank of Miami debited Capital Bank's account by that amount. *Id.* After informing Citigroup and Citibank Delaware of this deduction, Capital Bank repeatedly demanded reimbursement, but was unsuccessful. *Id.* ¶¶ 15–16.

### B. Procedural History

In June 2002, the plaintiff filed a complaint charging defendant BTNA with negligence and defendant Citibank Delaware with breach of contract, breach of warranty, negligence, and fraud. Compl. ¶¶ 17–63. The plaintiff seeks compensatory and punitive damages. *Id.* On February 3, 2003, the plaintiff amended its complaint to add Citigroup as a defendant on the breach of contract, breach of warranty, negligence, and fraud claims. *See generally* Am. Compl. On February 14, 2003, defendant BTNA filed an answer. On February 26, 2003, defendant Citibank Delaware filed a motion to dismiss for lack of personal jurisdiction. On March 3, 2003 defendant Citigroup filed a motion to dis-

miss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. In its oppositions to the motions to dismiss, the plaintiff requested that if the court lacks personal jurisdiction over these defendants, it transfer the action to the District of Delaware. Pl.'s Citigroup Opp'n at 9; Pl.'s Citibank Delaware Opp'n at 6. The court now turns to the motions to dismiss.

### III. ANALYSIS

### A. Legal Standard for Motion to Dismiss for Lack of Personal Jurisdiction

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C.Cir.1990). The plaintiff must allege specific facts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C.Cir.2001). Bare allegations and conclusory statements are insufficient. *Id.*

In determining whether a factual basis for personal jurisdiction exists, the court should resolve factual discrepancies appearing in the record in favor of the plaintiff. *Crane*, 894 F.2d at 456. The court need not, however, treat all of the plaintiff's allegations as true. *United States v. Philip Morris Inc.*, 116 F.Supp.2d 116, 120 n. 4 (D.D.C.2000). Instead, the court "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." *Id.*

### B. Legal Standard for Personal Jurisdiction Over a Non–Resident Defendant

A court may exercise personal jurisdiction over a non-resident defendant

"by finding specific jurisdiction based on conduct connected to the suit, or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir.2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). In the District of Columbia ("the District"), there are three statutory bases—D.C.Code sections 13–334, 13–422, and 13–423—for the exercise of personal jurisdiction over a corporation.[2] *Richard v. Bell Atlantic Corp.*, 946 F.Supp. 54, 68 (D.D.C.1996) (citing D.C.CODE §§ 13–334, 13–422, 13–423).

First, a plaintiff may establish specific jurisdiction under section 13–423, the District's long-arm statute. D.C.CODE § 13–423; *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C.Cir.2000). Section 13–423 provides, *inter alia*, that personal jurisdiction exists over any person for claims arising from the person's "transacting any business in the District[,] contracting to supply services in the District[, or] having an interest in, using, or possessing real property in the District." D.C.CODE § 13–423(a). If jurisdiction is based solely on section 13–423, however, "only a claim for relief arising from acts enumerated in this section may be asserted" against the defendant. *Id.* § 13–423(b); *Koteen v. Bermuda Cablevision, Ltd.*, 913 F.2d 973, 974–75 (D.C.Cir.1990).

Second, the plaintiff may establish general jurisdiction under sections 13–334 or 13–422. D.C.CODE §§ 13–334, 13–422. For general jurisdiction under section 13–334, the plaintiff must show that the defendant "carries on a consistent pattern of regular business activity within the juris-diction." *Trerotola v. Cotter*, 601 A.2d 60, 63 (D.C.1991) (citing D.C.CODE § 13–334). For general jurisdiction under section 13–422, the plaintiff must demonstrate that the defendant is "domiciled in, organized under the laws of, or maintain[s] ... its principal place of business in, the District." *Id.* (quoting D.C.CODE § 13–422); *Richard*, 946 F.Supp. at 68.

Under both specific and general jurisdiction, the exercise of personal jurisdiction must comply with constitutional due process. *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C.Cir.2002); *GTE New Media Servs.*, 199 F.3d at 1347. Due process is satisfied "when in personam jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Gorman*, 293 F.3d at 509 (quoting *Helicopteros Nacionales*, 466 U.S. at 414, 104 S.Ct. 1868). These minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and privileges of its laws." *Asahi Metal Indus. v.Super. Ct. of Cal.*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). In short, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

---

**2.** In this case, Capital Bank has alleged both federal-question and diversity jurisdiction. Am. Compl. at 2. When a plaintiff bases subject-matter jurisdiction on diversity, or on federal question where no federal long-arm statute applies, the court must apply the juris-dictional law of the state in which it resides. *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C.Cir.2002); *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C.Cir.1991). Accordingly, this court applies District of Columbia law.

## C. The Court Lacks Personal Jurisdiction Over Defendants Citigroup and Citibank Delaware

### 1. Specific Jurisdiction Under the District's Long–Arm Statute

Defendant Citigroup asserts that the court lacks specific jurisdiction over it under the District's long-arm statute because it has no agent, does no business, owns no property, and maintains no bank accounts in the District. Def. Citigroup's Mot. to Dismiss ("Def. Citigroup's Mot.") at 2–4, Ex. 1 ("Cohen Aff."); Def. Citigroup's Reply at 2–3. Similarly, defendant Citibank Delaware contends that the court lacks specific jurisdiction over it because it is a Delaware association that transacts business only in Delaware. Def. Citibank Delaware's Mot. to Dismiss ("Def. Citibank Del.'s Mot.") at 2–3, Ex. 1 ("Klimashousky Aff."); Def. Citibank Del.'s Reply at 2. In addition, both defendants point out that the checking transaction on which the plaintiff bases its claims has "absolutely no connection" with this forum. Def. Citigroup's Mot. at 4; Def. Citibank Del.'s Mot. at 4. Finally, both defendants assert that even if both prongs of the District's long-arm statute applied here, the conduct of "normal banking operations" is not enough to satisfy due process. *Id.*

In response, the plaintiff contends that the court has specific jurisdiction over both defendants because defendant Citigroup—and therefore defendant Citibank Delaware, its subsidiary—conducts business in the District. Pl.'s Citigroup Opp'n at 2; Pl.'s Citibank Del. Opp'n at 2. Pointing to a Citibank website, the plaintiff asserts that "[i]t is undisputed that Citigroup operates within the District" as "Citigroup[ ] oper-

ates four consumer and commercial banking establishments" in the District. Pl.'s Citigroup Opp'n at 4–5, Ex. 1; Pl.'s Citibank Del. Opp'n at 3–4, Ex. 3. In addition, the plaintiff suggests that check-processing operations by both defendants "could very well" be found in the District. Pl.'s Citigroup Opp'n at 4. Finally, the plaintiff asserts that its claims arise from "the banking business transacted through [defendant Citigroup's] banking units in and outside of the District." *Id.*

 The court concludes that the plaintiff has failed to meet its burden of showing specific jurisdiction over defendants Citigroup and Citibank Delaware. *Crane*, 894 F.2d at 456. First, the plaintiff has not shown a basis for jurisdiction over either defendant under the District's long-arm statute. D.C. CODE § 13–423; *GTE New Media Servs.*, 199 F.3d at 1347. The District branch locations identified by the plaintiff appear to be branches of an unidentified Citibank unit of Citigroup, rather than branches of either defendant Citigroup or defendant Citibank Delaware. Pl.'s Citigroup Opp'n Ex. 1; Pl.'s Citibank Del. Opp'n Ex. 3; *cf.* Cohen Aff., Klimashousky Aff. Although that unit may be a subsidiary of defendant Citigroup, a parent-subsidiary relationship is insufficient to support jurisdiction unless "parent and subsidiary are not really separate entities." *El–Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 675–76 (D.C.Cir.1996); *see also In re Baan Co. Secs. Litig.*, 245 F.Supp.2d 117, 129 (D.D.C.2003) (noting that "only in special circumstances can jurisdiction be asserted over an out-of-forum parent corporation based on the forum contacts of its subsidiary"). The plaintiff has made no such showing here.[3]

---

3. The parties spend a significant amount of time discussing whether the parent-subsidiary relationship between defendants Citigroup and Citibank Delaware shows the necessary "unity of interest and ownership" to allow the court to exercise jurisdiction over defendant Citibank Delaware through defendant Citigroup. *Material Supply Int'l, Inc. v. Sun-*

Moreover, even if the plaintiff were able to establish a contact between the District and defendants Citigroup or Citibank Delaware, it has not shown that its claims "aris[e] from acts enumerated in" the District's long-arm statute or that the exercise of jurisdiction would satisfy due process. D.C.CODE § 13–423(b); *Gorman*, 293 F.3d at 509; *Koteen*, 913 F.2d at 974–75. Specifically, the plaintiff shows no connection between the District and the $272.772.46 check that is the focus of its claims, stating only that "the allegations of the complaint were related to the business activities of Citigroup and Citibank Delaware in the District." Pl.'s Citigroup Opp'n at 5. Nor does the plaintiff indicate how its claims relate to any activities by defendants Citigroup or Citibank Delaware in the District other than a single hopeful statement that check-processing by defendants Citigroup or Citibank Delaware "could very well" occur in the District. *Id.* at 4. Such a speculative statement does not satisfy the requirements of the District's long-arm statute. D.C.CODE § 13–423(b); *Koteen*, 913 F.2d at 974–75. Even if such check-processing occurred in the District, it would not satisfy due process, as "the conduct of normal banking operations together with acceptance and endorsement of a check is not sufficient to meet the jurisdictional requirements of minimal contacts and due process." *Fries v. Norstar Bank, N.A.*, 1988 WL 75773, at *1 (D.Md.1988). In short, the plaintiff's conclusory statements and bare allegations are not suffi-

cient to establish specific jurisdiction over defendant Citigroup or defendant Citibank Delaware under the District's long-arm statute. *Second Amendment Found.*, 274 F.3d at 524.

### 2. General Jurisdiction Under the District's General Jurisdiction Statutes

Both defendant Citigroup and defendant Citibank Delaware contend that the court lacks general jurisdiction over them under the District's general-jurisdiction statutes, pointing to their respective affidavits which state that they do not conduct business and are not domiciled in the District. Def. Citigroup's Reply at 6 (citing Cohen Aff.); Def. Citibank Del.'s Reply at 5 (citing Klimashousky Aff.). In response, the plaintiff asserts that the court has general jurisdiction over both defendants "because [defendants Citigroup and Citibank Delaware] maintain, or are affiliated with local banking institutions within this jurisdiction that regularly engage in the banking business." Pl.'s Citigroup Opp'n at 4.

The plaintiff has not met its burden of showing general jurisdiction over these defendants under section 13–334 or section 13–422. *Crane*, 894 F.2d at 456. As discussed, the plaintiff has not shown that either defendant has contacts to the District, let alone that either carries on "a consistent pattern of regular business activity" here. D.C.CODE § 13–334; *Trerotola*, 601 A.2d at 63. As for the place of domicile, the plaintiff concedes that both

---

*match Indus. Co., Ltd.*, 62 F.Supp.2d 13, 20 (D.D.C.1999); *e.g.*, Def. Citigroup's Mot. at 3–4, 6–7; Def. Citibank Del.'s Mot. at 6–7; Pl.'s Citigroup Opp'n at 5–7; Pl.'s Citibank Del. Opp'n at 4–6. This question is irrelevant to the court's analysis, however, as the plaintiff has not shown contacts between defendant Citigroup and the District that are sufficient to support jurisdiction over defendant Citigroup, let alone to attribute jurisdiction to defendant Citibank Delaware.

Because the parent-subsidiary relationship between defendants Citigroup and Citibank Delaware is irrelevant, jurisdictional discovery on that relationship is not warranted. To the extent that the plaintiff requests such discovery, the court denies its request. *E.g.*, Pl.'s Citigroup Opp'n at 7; Pl.'s Citibank Del. Opp'n at 6.

defendants are non-residents. Am. Compl. ¶¶ 4–4(b); D.C.CODE § 13–422; *Trerotola,* 601 A.2d at 63. Accordingly, the plaintiff's allegations fall well short of establishing general jurisdiction over the two defendants under section 13–334 or section 13–442. D.C.CODE §§ 13–334, 13–422; *Trerotola,* 601 A.2d at 63; *Richard,* 946 F.Supp. at 68.

### D. The Court Transfers this Action to the District of Delaware

██ In its opposition briefs, the plaintiff asks that the court transfer this action to the District of Delaware pursuant to 28 U.S.C. § 1406(a) if it concludes that it lacks jurisdiction over defendants Citigroup and Citibank Delaware.[4] Pl.'s Citigroup Opp'n at 9; Pl.'s Citibank Del. Opp'n at 6. Under section 1406(a), a court may, in the interest of justice, transfer a case to any other district "in which [the case] could have been brought." 28 U.S.C. § 1406(a). "A court may transfer a case to another district even though it lacks personal jurisdiction over the defendants." *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)); *Cellutech, Inc. v. Centennial Cellular Corp.,* 871 F.Supp. 46, 50 (D.D.C.1994). To transfer the action, the court must ensure as a preliminary matter that venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum. *Sharp Elecs. Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228, 1230 (D.C.Cir. 1981) (per curiam); *Crisler v. Schmeltzer,*

1990 WL 113887, at *2 (D.D.C. July 24, 1990). The decision regarding transfer rests within the court's sound discretion. *Naartex,* 722 F.2d at 789. The D.C. Circuit favors transfer under section 1406(a) "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitation bars] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst,* 711 F.2d 291, 293–94 (D.C.Cir.1983).

██ In this case, the court concludes that transfer to the District of Delaware is in the interest of justice. 28 U.S.C. § 1406(a). First, the "procedural obstacle" of lack of personal jurisdiction should not bar resolution of the plaintiff's claims on the merits. *Sinclair,* 711 F.2d at 294. Second, transfer also "will save the parties the time and expense of refiling this lawsuit in a different district." *Cellutech,* 871 F.Supp. at 50. Finally, it appears that the requirements of venue and personal jurisdiction would be satisfied in the District of Delaware. Defendants Citigroup and Citibank Delaware are Delaware entities, and defendant BTNA does not oppose the proposed transfer. Def. Citigroup's Mot. at 2; Def. Citibank Del.'s Mot. at 2; BTNA Submission dated July 25, 2003 at 2. Accordingly, rather than dismissing defendants Citigroup and Citibank Delaware, the court grants the plaintiff's motion to transfer this action to the District of Delaware. 28 U.S.C. § 1406(a); *Naartex,* 722 F.2d at 789.

---

4. Although its amended complaint states that venue is proper here, Capital Bank requests transfer not under 28 U.S.C. § 1404, which applies when venue is proper in both the transferor and the transferee forum, but under 28 U.S.C. § 1406(a), which applies only when venue is improper in the transferor forum. *Compare* Am. Compl. at 2 *with* Pl.'s Citigroup Opp'n at 9 *and* Pl.'s Citibank Delaware Opp'n at 6. Both statutes, however, permit transfer where personal jurisdiction is absent. *McFarlane v. Esquire Magazine,* 74 F.3d 1296, 1301 (D.C.Cir.1996). For purposes of this analysis, and given the questionable propriety of venue here, the court applies section 1406(a). *Novak–Canzeri v. Saud,* 864 F.Supp. 203, 208 n. 2 (D.D.C.1994) (transferring an action under section 1406(a) given that venue "appeare[d] to be improper in the District of Columbia").

### IV. CONCLUSION

For the foregoing reasons, the court denies the pending motions to dismiss and grants the plaintiff's motion to transfer the action to the District of Delaware. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 4th day of August, 2003.